57 So.2d 34 (1952)
CAMPBELL
v.
CAMPBELL.
Supreme Court of Florida, Division B.
February 22, 1952.
*35 William H. Maness, Jacksonville, for appellant.
No appearance for appellee.
ROBERTS, Justice.
This is an appeal from a final decree entered in divorce proceedings instituted by appellant against the appellee, which decree dismissed the appellant's complaint for lack of jurisdiction. The sole issue here is whether a plaintiff in a divorce action is required to be physically present in this state for the full 90-day period prescribed by Section 65.02, Florida Statutes, F.S.A., in the following language: "In order to obtain a divorce the complainant must have resided ninety days in the State of Florida before the filing of the bill of complaint."
The undisputed facts are, in substance, as follows: The appellant, who is a career naval officer, was born in the State of Oregon and entered the United States Naval Academy immediately upon his graduation from high school in that state. Since his graduation from the Naval Academy, he has been continuously on active duty in various parts of this country and in foreign countries. He is now and was at the time of the filing of his complaint living in Germany, where he has been stationed since June of 1949. It does not appear that he had ever established or attempted to establish a domicile in any state other than his domicile of origin until December of 1950. At that time, while in the United States on business, he came to Jacksonville, Florida, to visit a Mr. Pavelka, a retired naval officer, whom he had known in Germany. While visiting Mr. Pavelka, he determined to make Florida his permanent home. Accordingly, he filed an affidavit of intention to make Florida his permanent home with the Clerk of the Circuit Court and established a bank account in a Jacksonville Bank. Since returning to his duty post in Germany, he has had correspondence with various real estate companies in Jacksonville, looking toward the purchase of a home there. He changed his official permanent home address as listed with the United States Navy Department to "1921 Woodmere Street, Jacksonville, Florida," which is the home of his retired naval officer friend, Mr. Pavelka. It appears that Mr. Pavelka's home is open to the appellant for his use at any time he is in Jacksonville on leave, or until such time as the appellant purchases a home of his own. The exact length of the appellant's sojourn in Florida is not shown by the record, but our impression is that it was only a few days.
The Special Master was of the Opinion that the appellant entertained a bona fide intention to make Florida his permanent home, and such conclusion is amply supported by the evidence. The contention of the appellant is, in effect, that the requirements of the statute, Section 65.02, supra, are satisfied by the establishment of a "domicile of choice" more than ninety days before the filing of his complaint. This contention cannot be sustained.
On the general question of the establishment of a "domicile of choice," the Restatement of Conflict of Laws, Section 20, adopts the following rule: "For the acquisition of a domicil of choice the intention to make a home must be an intention to make a home at the moment, not to make a home in the future." Also, this intention must be "to make a home in fact, and not an intention to acquire a domicil." Ibid., Section 19. When tested by these rules, it does not appear that the appellant has actually succeeded in establishing a "domicile of choice."
But even if it be assumed that the appellant succeeded in effecting a change of domicile, and that Florida is now his "domicile of choice," we do not think he has complied with the residence requirements of Section 65.02. "It is usually held that a statutory requirement of residence for a specified period means actual, and not constructive, residence, thus in effect imposing a requirement additional to that of mere legal domicil." 17 Am.Jur., Divorce *36 and Separation, Sec. 251, page 280. See also 27 C.J.S., Divorce, § 76, page 644; 106 A.L.R. page 20; Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694; Morgan v. Morgan, 103 Conn. 189, 130 A. 254; Fleming v. Fleming, 36 Nev. 135, 134 P. 445; Crane v. Crane, 211 Ark. 55, 199 S.W.2d 316; Alburger v. Alburger, 138 Pa.Super. 339, 10 A.2d 888; Hampshire v. Hampshire, 70 Idaho 522, 223 P.2d 950, 952, 21 A.L.R.2d 1159.
Thus, in Hampshire v. Hampshire, supra, the plaintiff was a soldier stationed in the State of Washington and was a resident of the State of Oregon at the time of his enlistment. He bought a car license in Idaho and had mail addressed to him in Lewiston, Idaho; he attempted to buy or rent property in Lewiston and stated that he intended and expected to move to Idaho when discharged from the military service. In holding that these facts were insufficient to vest jurisdiction in the Idaho court, the court said: "To constitute a residence within the meaning of the divorce statute, there must be a habitation or abode in a particular place, for the required time, and an intention to remain there permanently or indefinitely. An actual residence as distinguished from a constructive one is required. * * * It is essential before a person can lawfully file a complaint for divorce that he shall have been actually a bona fide resident of the State for six weeks preceding the commencement of the action. An intention to reside in Idaho at some future time is insufficient."
It should be noted that, as stated in Carlson v. Carlson, 198 Ark. 231, 128 S.W.2d 242, 243, "This does not mean that the plaintiff shall not, at any time during the three months' residence, leave the state for any purpose. * * * He may reside here as would any other resident, but during all of this three months' period he must be a resident of this state, and not of some other. The act of 1931 does not contemplate that one may come into this state, pay three months' board, leave the state, and then return to prosecute his suit upon the theory that he has resided in the state for three months. * * * The statute requires actual  and not constructive  residence."
The fact that appellant was in military service at the time he attempted to establish residence here, and thus because of the call of duty was not able to reside here the 90 days required under the statute, is an unfortunate circumstance over which this court has no control, and as to which only the Legislature can grant relief. See Marshall v. Marshall, 130 Conn. 655, 36 A.2d 743.
No error having been made to appear, the decree appealed from should be and it is hereby
Affirmed.
SEBRING, C.J., and CHAPMAN and MATHEWS, JJ., concur.