## QUENTIN v. QUENTIN.

Circuit Court, Dade County.
June 12, 1953.

John G. Simms, Miami, for plaintiff.

CHARLES A. CARROLL, Circuit Judge.

This cause came on for trial before the court as an uncontested divorce case. When it developed from the plaintiff's testimony that he has not yet moved to Florida, that his removal here is subject to his obtaining a transfer to this locality from the company for which he now works, that the total time he has spent in the state is only about a week and a half, and that he relies on the theory of having established a domicile of choice during the few days spent on a Thanksgiving holiday visit here last fall, the court terminated the proceedings and dismissed the cause for want of jurisdiction based on lack of required residence.

The recent decision of our Supreme Court in Campbell v. Campbell, 57 So. 2d 34, is directly in point, and is controlling. That case holds that the statutory requirement of 90 days residence for divorce, section 65.02, Florida Statutes 1951, requires that a party actually reside here, and amounts to something more than a requirement of bare domicile.

In that case the plaintiff filed for divorce while in military service away from Florida. His domicile of origin was the state of Oregon. He visited a friend in Jacksonville in 1950 and took def-

inite action then to establish a domicile, filing a declaration of domicile, establishing a bank account and then later taking steps toward the purchase of a home. He changed his residence on official records to that of his friend in Jacksonville whose house was available to him whenever he should be there—but he continued to be absent in military service.

. The lower court's dismissal of the suit was affirmed, and the Supreme Court held that even the establishment of a domicile of choice more than 90 days before the filing of the suit would not satisfy the statutory residence requirement for divorce. The high court cited and approved decisions in other states made with reference to similar divorce residence statutes, to the effect that actual residence as distinguished from constructive residence is required.

In the instant case the plaintiff's original domicile appears to have been the state of New York, where he was married and where his wife continues to reside. He worked there for the General Electric Co. in an engineering capacity. For some time now his work for that company has required him to reside in Massachusetts. To that extent he is in a position quite similar to a person who is in military service and required to reside at the place of his duty, which may be away from that of his domicile.

He has requested and expects at some time in the future to have the company transfer him from Massachusetts to Florida. Meanwhile, his parents having become residents of Florida, with his transfer to this state in prospect, he arranged to have about four days off from his work in Massachusetts at Thanksgiving in November of 1952, and he used that time to come to Florida and visit his parents and a brother. He then consulted his attorney, who instructed him as to what was needed for him to acquire a residence. Presumably he announced an intention and formed an intention to make Florida his home when the transfer should come through. That, in fact, was all he could do at that time. He returned to Massachusetts, and came back again for a visit of about a week in February 1953 and then returned again to Massachusetts. His suit for divorce was filed here on March 3, 1953, slightly more than three months after his first visit at Thanksgiving.

The trial having been set for today, it appears he returned yesterday from Massachusetts to be here for that event—but he is still employed in Massachusetts and has not yet removed to Florida. The facts are "on all fours" with the facts in Campbell v. Campbell, supra, and the decision in that case obviously prompts dismissal of this suit.