## HOLLING v. HOLLING.
No. 61-3129-E.

Circuit Court, Duval County.
October 16, 1961.

John E. Santora, Jr., Jacksonville, for plaintiff.

Daniel A. Naughton and E. John Nelson, both of Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

This cause came on for final hearing upon the complaint and answer herein, and after due notice, at which hearing E. John Nelson, Esq., appeared on behalf of the defendant (at the request of Daniel A. Naughton, Esq.) and John E. Santora, Jr., Esq., appeared with the plaintiff and his witnesses.

The court first heard the testimony of the plaintiff and his witnesses on the issue of whether plaintiff is a bona fide resident of Duval County, Florida, before going into the merits of the cause.

From said testimony the court finds that while stationed on board the U.S.S. Skywatcher, a radar vessel operating along the eastern seaboard of the United States from Key West to Canada, and having a home port in Rhode Island, the plaintiff came to Jacksonville on November 26, 1960, and rented a "sleeping room" and remained approximately 30 days, while on leave; that since that date plaintiff has continuously maintained a sleeping room in Jacksonville in which he keeps a few civilian clothes, shaving equipment and other personal items and for which he has been paying $10 per week; that since his initial stay in Florida, he has returned for weekends on approximately ten occasions; that he has no relatives in Jacksonville, only one friend, but likes the climate and intends to retire in Jacksonville when he is discharged from the Navy; that neither he nor his wife and children have ever lived in Florida, and he has lived with his wife only in the states of Pennsylvania and Rhode Island; that his domicile of origin is Montana and that he has no intention of returning to

Montana; and that when asked by his counsel if he came to Florida and established his residence for the purpose of divorce, his answer was "not necessarily".

Even though plaintiff's testimony is corroborated in part, this court is of the opinion that such evidence is insufficient in law and in fact to establish the necessary residence of plaintiff in the state of Florida for a period of more than six months in order to give this court jurisdiction of this cause. At best, plaintiff's change of "domicile" was sufficient only to establish a "constructive residence" as distinguished from "actual residence". See Campbell v. Campbell (Fla.), 57 So. 2d 34.

Furthermore, as the *trier of the facts* this court finds that plaintiff's action in renting a "sleeping room" in Florida, and paying $10 a week therefor when there is no other reasonable explanation therefor except to establish a residence for purposes of divorce, is contrary to human experience and insufficient to establish by a preponderance of the evidence the good faith intention of plaintiff to make Florida his permanent home.

Accordingly, it is ordered, adjudged and decreed that this cause be and the same is hereby dismissed for want of jurisdiction of this court over the subject matter of this cause.