PER CURIAM.
On appeal from a final decree of divorce, the appellant wife raises only one point, i. e., the jurisdiction of the court over the subject matter. It is the appellant’s contention that the appellee husband has failed to establish the required residence in the State of Florida before institution of his suit for divorce. We conclude this contention is without merit.
The record reflects that the appellee husband was born in Miami, Florida, and except for the time that he was in the service of the United States Navy, he had never resided outside of the State of Florida. Appellant relies strongly upon the case of Campbell v. Campbell, Fla.1952, 57 So.2d 34, for reversal of the decree in this case. The appellant’s reliance on this case would appear to be misplaced. The facts in the Campbell case are vastly different from those in the case at bar.
The appellant husband in the Campbell case was a career naval officer who was born in the State of Oregon where he remained until he entered the United States Naval Academy. After his graduation from the Naval Academy, he had been continuously on active duty in various parts of the United States and foreign countries and at the time of the filing of the bill of complaint for divorce, was stationed and living in Germany. It did not appear that he had ever established or attempted to establish a domicile in any other state than his domicile of origin (Oregon) until December, Í950, at which time he made a short trip to Jacksonville, Florida, to visit a friend, filed an affidavit of intention to make Florida his permanent residence, opened a bank *752 account in a Jacksonville bank and returned to his post in Germany. The exact length of the appellant’s sojourn in Florida in the Campbell case was not definitely established, but the court pointed out that it was only for a few days. Obviously, in the Campbell case the appellant there had failed 4o comply with the statutory requirements of § 65.02, Fla.Stat., F.S.A.
We have examined other authorities on the question and are of the view that in addition to the fact that the record sufficiently establishes the statutory residence requirement, the appellee husband would also have the benefit of § 46.12, Fla.Stat., F.S.A., which in substance provides that any person in any branch of the military service, if living within the borders of the state, shall be deemed prima facie to be a resident of the state for the purpose of maintaining any suit in chancery or at law.
■ Finding no error in the decree appealed, it follows that the same should be and is hereby affirmed.
Affirmed.