151 So.2d 672 (1963)
Charles W. HOSTLER, Appellant,
v.
Ruby M. HOSTLER, Appellee.
No. D-471.
District Court of Appeal of Florida. First District.
April 9, 1963.
Rehearing Denied April 25, 1963.
*673 Campbell & Andrews, De Funiak Springs, for appellant.
W. Paul Thompson, De Funiak Springs, for appellee.
STURGIS, Acting Chief Judge.
On November 27, 1961, the appellant, a member of the armed forces, brought this suit for divorce in Walton County, Florida, also seeking custody of their minor child and ratification of an agreement of separation entered into on March 16, 1961.
The husband's complaint alleged that he had been a resident and citizen of the state of Florida for more than six months last past immediately preceding the commencement of the suit, charged the defendant wife with extreme cruelty, violent and ungovernable temper, and habitual intemperance as grounds for divorce, claimed the right to exclusive custody of their minor child, and set out in full the separation agreement upon which he relied.
The defendant wife's answer denied, inter alia, the allegations of residence upon which plaintiff's right to maintain the suit is based and asserted, affirmatively, that her signature upon the separation agreement "was obtained by fraud, duress, coercion, fraudulent misrepresentation, undue influence, trickery, chicanery and deceit," without further elaboration. She also counterclaimed for separate maintenance and custody of the child, alleging desertion and extreme cruelty of the husband as a basis for such relief. The husband filed an answer generally denying the material allegations thereof.
The parties presented their proofs before the chancellor who thereupon entered a final decree dismissing the complaint, holding that plaintiff had "failed to sustain the burden resting upon him as a member of the Armed Forces of the United States to establish residence in this state as required by F.S. 65.02 (Campbell vs Campbell [Fla.], 57 So.2d 34)." Without making any other findings of law or fact, the decree required the plaintiff to pay a fee of $300.00 for the services of defendant's attorney, to pay the costs of the suit, and further decreed:
"* * * that the defendant is and was entitled to maintain her cross-complaint for separate maintenance, she having been brought within the Court's jurisdiction by the cross-defendant's voluntary invocation of the Court's authority although neither she nor he was a resident of Florida as contemplated by the statute (Martin v. Martin, 129 So. 386), and that therefore he shall pay to the defendant cross-plaintiff for her separate maintenance the sum of $300.00 per month beginning August 15, 1962, and continuing thereafter so long as the married relationship between the parties hereto exists or until this or some other Court of Competent jurisdiction shall otherwise decree."
In seeking reversal of said decree appellant insists, first, that the chancellor erred in dismissing the complaint on the stated ground that plaintiff had failed to establish that he had maintained the residence required under Section 65.02, Florida Statutes, F.S.A., so as to entitle him to maintain the action for divorce; secondly, that under the pleadings and proofs it was error to award alimony and an attorney's fee to the defendant wife. These narrow issues make it unnecessary to review in detail the marital difficulties of the parties.
The pertinent facts are that the parties were lawfully married on December 16, 1951, and except for several intermittent separations cohabited until May 1960, since when they have lived separate and apart. Following their marriage the plaintiff, an officer in the United States Air Force, has in line of duty performed much of his military service as an attache to the Department of State: he had two periods of service in Washington, D.C., two as an attache of the *674 American Embassy in Beirut, Lebanon, one in Turkey, and at the time he testified herein was serving as United States Air Attache for Lebanon, Jordan and Cypress.
The proofs in support of his claim of residence in Florida consist entirely of his testimony on the subject, and is disputed in one aspect only by the testimony of his wife. In the early part of World War II he was stationed at Tampa, Florida, during which period he had an opportunity to visit Tyndall Field and Eglin Field in the northwestern part of the state and decided to make his permanent residence in that part of the state. Later on, in 1952, he purchased two parcels of real property in Walton County, Florida, on one of which he planned to build a home and to ultimately retire there. During a period of five to seven years prior to suit, according to his testimony he made two visits to the office of the Walton County Supervisor of Registration in an effort to register as a voter, but was prevented from doing so because on each occasion the registration books were not open for registration. On November 15, 1961, he ultimately registered as a voter in said county. The records of the Department of the Air Force, Washington, D.C., reflect that he has listed his permanent mailing address as General Delivery, Point Washington, Florida. He owns no property elsewhere than in Florida and has not claimed any other state as his place of residence since determining to make Florida his permanent home. He was born in Illinois and entered military service while in the state of California where his parents were then residing. He testified that from that time until he formed an intent to make Florida his permanent place of residence, he did not consider himself a resident of any particular state.
Plaintiff's testimony regarding residence is contradicted in part only by that of his wife. She testified that neither of them were in Florida during the time they lived together as husband and wife; that he never indicated to her that he intended upon retirement to come to Florida to live; that in May 1960 he expressed an intention to live in Beirut, Lebanon, following his retirement, and with that in mind examined several parcels of land there for sale. This testimony, standing alone, is insufficient to overcome the testimony of the husband on the subject of his adoption of Florida as his permanent domicile. His proofs regarding residence, however, are insufficient to satisfy the requirements of F.S. 65.02, F.S.A., so as to entitle him to maintain this action for divorce.
It is the general rule that a statutory requirement of residence for a specified period means actual, and not constructive, residence, thus in effect imposing a requirement additional to that of mere legal domicile. The over-all facts in this case present a situation not unlike that in Campbell v. Campbell, 57 So.2d 34 (Fla. 1952), in which the Florida Supreme Court, speaking through Roberts, J., said:
"* * * even if it be assumed that the appellant succeeded in effecting a change of domicile, and that Florida is now his `domicile of choice,' we do not think he has complied with the residence requirements of Section 65.02."
The facts in this case are distinguishable from those in Bloomfield v. City of St. Petersburg Beach, 82 So.2d 364 (Fla. 1955). Thornal, J., speaking for the Florida Supreme Court in the Bloomfield case, pointed out that in Campbell v. Campbell, supra, the act of establishing residence was not concurrent with the domiciliary intent of the plaintiff, and said:
"* * * in a divorce proceeding which is a cause in which the State is always an unnamed third party, there must be a positive showing that the establishment of actual permanent residence is bona fidely intended and * * there must be clear and positive evidence of fulfilling this intention by affirmative acts that point conclusively to the desire to make Florida one's permanent residence. Here again the intent and the act must concur."
*675 The chancellor did not err in dismissing this suit for failure of plaintiff to establish the required residence under F.S. 65.02, F.S.A.
Appellant also challenges the award of alimony and an attorney's fee to the wife under the facts in this case, it being his contention that the separation agreement and proofs relating thereto fixed the rights of the parties in that behalf. He insists that the agreement was subsisting and valid, and that the action of the court complained of is tantamount to a nullification of the agreement which contains (1) a provision releasing the husband from "any and all costs, charges, and expenses as well as alimony, either temporary or permanent, instant to any divorce suit that may be hereafter commenced by either of said parties hereto * * *," and (2) a provision that the husband pay the wife $1,420.00 on or before April 1, 1961, to cover her expenses incident to setting up residence in the United States and to cover current debts including her attorney's fees. The $1,420.00 was paid to and accepted by defendant, who was gainfully employed when the agreement was executed as well as subsequent thereto and at the time of the entry of the decree herein. The decree made no findings of fact as to the validity or invalidity of the agreement or as to the basis upon which is predicated a right of the wife to separate maintenance. It cites Martin v. Martin, 128 So.2d 386 (Fla. 1961), apparently as authority for the power of the court to award the relief awarded under the counterclaim.
Appellant insists and we agree that the overwhelming weight of the evidence supports the validity of the separation agreement. Indeed, the decree appealed does not hold it invalid. The award of alimony and attorney's fees to the wife appears to rest on the theory that where the parties are before the court as in the Martin case, such an award may be made notwithstanding an agreement of the character in suit, leaving to future determination in some other proceeding the question of the validity of the separation agreement. Whatever the basis for the award, we think it is erroneous because there is no competent evidence upon which to invalidate the separation agreement. Accordingly, so much of the decree as requires the husband to pay alimony and attorney's fees to the defendant wife is set aside.
Affirmed in part, reversed in part.
RAWLS, J., and WAYBRIGHT, Associate Judge, concur.