285 So.2d 50 (1973)
Carolyn Dike NELMS, Appellant,
v.
James Q. NELMS, Appellee.
No. 73-429.
District Court of Appeal of Florida, Fourth District.
November 9, 1973.
Gordon V. Frederick, Sanford, for appellant.
Ned N. Julian, Jr., Sanford, for appellee.
DOWNEY, Judge.
This is an interlocutory appeal from an order of the trial court refusing to dissolve the marriage of the parties and ordering them to seek marriage counselling.
The wife filed her petition to dissolve the marriage because it was irretrievably broken. The husband answered admitting said allegation. The parties entered into an agreement providing for child support, possession of the home by wife and children, and other incidental matters. At final hearing the wife testified the marriage was irretrievably broken because she no longer loved her husband and could not live with him. Further inquiry developed that he had physically abused her during the marriage and that he paid little or no attention to their children; that they had spent untold hours discussing their problems, always without success; that she had suffered mental and physical abuse from him she would never forget; that he had sued her once before for divorce. The trial judge then interrogated the husband who stated essentially that at one time he had tried to get her to seek counselling without success; that in view of her steadfast position for some five months that the marriage was broken, he did not feel they could put it back together. The chancellor then announced he would require them to seek counselling in the hope the marriage might be saved. From such a judgment ordering counselling and withholding a determination as to a termination of the marriage, the wife appealed and the husband joined with her in the appeal.
It seems clear now that failure to contest the allegation that the marriage is irretrievably broken, or a stipulation that it is so broken, does not suffice. The chancellor must make that finding based upon the evidence adduced. Ryan v. Ryan, Fla. 1973, 277 So.2d 266; Riley v. Riley, Fla. App. 1972, 271 So.2d 181. If the evidence demonstrates the marriage is broken beyond repair he must dissolve the marriage, Carrigan v. Carrigan, Fourth D.C.A., 283 So.2d 574, *51 opinion filed October 12, 1973, commendable as may be his efforts to effectuate a reconciliation.
Based upon the pleadings and evidence in the court below, it is our view that the chancellor abused his discretion in refusing to dissolve the marriage. Accordingly, the order appealed from is reversed with directions to enter a final judgment dissolving the marriage.
WALDEN and MAGER, JJ., concur.