286 So.2d 37 (1973)
Earl M. SHEPPARD, Jr., Appellant,
v.
Linda J. Noblet SHEPPARD, Appellee.
No. S-457.
District Court of Appeal of Florida, First District.
November 27, 1973.
James I. Riley, Jacksonville, for appellant.
David A. Hertz, Jacksonville, for appellee.
PER CURIAM.
The sole point posed by this appeal is whether appellant-husband has been a resident of the State of Florida for six months as required by F.S. § 61.021, F.S.A., in order to maintain an action for dissolution of marriage.
In 1954, at the age of four, appellant moved to the State of Florida with his parents. He lived in this state continuously for 14 years until, in 1968 at the age of 18, he enlisted in the Army. At the time appellant enlisted in the Army, he listed his permanent address as Jacksonville at the same location as that occupied by his parents. His parents subsequently moved to Alachua County at which time appellant changed his permanent address with the Army to Alachua County.
*38 Appellant was first assigned by the Army to Ft. Benning, Georgia, for a ten-week training period. During this time he had two weekend passes, which he used to return to the State of Florida to visit his family. His next duty station was Ft. Gordon for a five-month period of time. While at Ft. Gordon he got a pass to come to Florida about every other weekend. From January of 1969 until March of 1970, appellant was stationed in Germany. During this period of time, he flew back to Florida for a 30-day leave. After having completed his tour in Germany, appellant returned to Florida for a 15-day visit with his parents. He next spent an eight-month tour of temporary duty at Ft. Gordon, Georgia, during which time he returned to Florida every weekend or so. While at Ft. Gordon on September 19, 1970 appellant married appellee in Michigan.
Appellee initially lived with appellant's parents in Florida for ten months while appellant continued his temporary duty at Ft. Gordon, and while appellant awaited on-base housing at his next post, Ft. Bragg, North Carolina. Thereafter appellee joined appellant at Ft. Bragg and the couple returned to Florida about once a month. From September, 1971, until June 12, 1972, appellant served a tour of duty in Vietnam. Appellee spent the first month of this time with appellant's parents in Florida and then joined her parents in Michigan. Appellant was injured in Vietnam and was returned by the Army to the Jacksonville Naval Hospital. Appellee flew to Jacksonville and the couple lived in a rented room with appellant's sister until the 18th of August, 1972. At that time appellant was assigned to Ft. Huachuca, Arizona. Appellee joined appellant in Arizona and the couple lived there as husband and wife from September, 1972, until November, 1972, when they separated. Appellant returned to Florida on January 2, 1973, on leave from the Army to wait reassignment to Hawaii, and while in this state, filed the subject petition for dissolution of marriage.
The instant case is strikingly similar to Jefferies v. Jefferies.[1] Appellant, after moving to this state with his parents at the age of four, has never resided outside of Florida except during his tours of duty in the Army. While in the Army and stationed outside of this state and in Europe, appellant frequently made visits to Florida. Appellant's permanent residence has always been listed with the Army as located in the State of Florida, and appellant testified that he always intended that his permanent residence be Florida. There is no indication that appellant has ever established a permanent residence in a state other than Florida. The record overwhelmingly establishes that appellant meets the residency requirements of F.S. § 61.021, F.S.A.
The order of the trial court dismissing the petition for dissolution of marriage is reversed.
RAWLS, C.J., WIGGINTON, J., and CARROLL, CHARLES, Associate Judge, concur.
NOTES
[1] Jefferies v. Jefferies, 133 So.2d 751 (3 Fla.App. 1961).