362 So.2d 1042 (1978)
Catherine R. CURRAN, Appellant,
v.
Charles C. CURRAN, Appellee.
No. 77-1776.
District Court of Appeal of Florida, Fourth District.
October 4, 1978.
Robert G. Murrell of Sam E. Murrell & Sons, Orlando, for appellant.
DAUKSCH, Judge.
We have on appeal a judgment dissolving a marriage. The question is one of jurisdiction and Section 61.021, Florida Statutes which requires residency.[1]
Appellee was a military serviceman, United States Air Force, stationed in Korea until his discharge in either March, 1975, according to his testimony at trial, or April, 1976, according to his answer to interrogatories. In September, 1975 the appellee filed suit for dissolution of his marriage to appellant. He obtained service of process upon her where she resided in Virginia and she filed her answer.
Appellee alleged he was a Florida resident in his petition for dissolution of marriage. In support of this allegation he testified he came to Florida while in the service and stayed here from March or April 1961 to nearly March of 1962, "excluding TDY."[2] He claimed his official address for residency purposes to be his first ex-wife's Apopka, Florida address. He registered to vote in Orange County, listing that address. He testified he had last been there in 1963. His previous wife testified he had never resided at her address but they had stayed together in a trailer in Orlando.
Without setting out all of the testimony we cite in example that he was a civilian residing in Korea at the time of the trial, living with a lady who is the mother of his child; he has no Florida driver license but has a Virginia license; he entered the service from either New York or Connecticut; he files his income tax returns and does his banking in California; and he and his wife never lived together in Florida but did live together in California.
Based upon his testimony he was in Florida for less than a year in 1961-1962 and *1043 intended to retire to Florida after his discharge from the military, the trial court found jurisdiction.
We must determine the evidence to be insufficient to satisfy the requirements of the residency statute. It is not sufficient to stay in Florida for a short period of time with the intent to come back later and become a permanent resident. As was said in Campbell v. Campbell, 57 So.2d 34 (Fla. 1952) there must be an actual presence in Florida coupled with an intention at that time to make Florida his residence.
Judgment REVERSED.
DOWNEY, C.J., and ANSTEAD, J., concur.
NOTES
[1] § 61.021, Fla. Stat.: Residence required.  To obtain a dissolution of marriage the party filing the proceeding must reside 6 months in the state before filing the petition, but this does not affect any suit filed before October 1, 1957.
[2] Temporary duty away from his assigned station.