369 So.2d 421 (1979)
Charles Lawrence GORDON, Jr., Appellant,
v.
Donna Marie GORDON, Appellee.
No. 78-1020.
District Court of Appeal of Florida, Third District.
April 3, 1979.
Alden Sanford Tarte, Miami, for appellant.
Lawrence J. Spiegel and Peter Slavis, Hialeah, for appellee.
Before HAVERFIELD, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
The issue for decision on this appeal is whether the plaintiff-wife has been a resident of the State of Florida for the six month period which is requisite to jurisdiction under Section 61.021, Florida Statutes (1977). The plaintiff-wife filed a petition for dissolution of marriage in August of 1977 in which she alleged that she was a bona fide resident of the State of Florida for the required period, that the parties were married in Dade County, Florida, and that the defendant-husband's last known "residence and/or address is 6413B Louisiana Avenue, Plattsburgh AFB, New York 12903." The defendant-husband appeared and moved to dismiss the cause upon the ground that "The Petitioner, Donna Marie Gordon, has been a bona fide resident of Plattsburg, New York for the six month period prior to the filing of this petition for dissolution of marriage." The trial judge reserved ruling on the defendant's motion and after hearing the cause on the merits, *422 granted a final judgment dissolving the marriage. This appeal is by the defendant-husband from the final judgment. The first point presented urges that the trial court did not have jurisdiction pursuant to Section 61.021, Florida Statutes (1977). A second point claims error upon the establishment of a record pursuant to Florida Rule of Appellate Procedure 9.200(b)(3). This latter point does not present error and need not be discussed.
With regard to jurisdiction of the subject matter, the record reveals that prior to the institution of this lawsuit, Donna Marie Gordon moved to the State of Florida (approximately fourteen years ago). She was a full-time resident of Hialeah, Florida, and attended and graduated from high school there. She obtained a Florida Driver's License and Florida Voter's Registration card. She was married in Hialeah, Florida, and lived there over one and a half years after being married.
Subsequent to marriage, defendant Charles Lawrence Gordon enlisted in the United States Air Force and was stationed, in part, in the states of Arizona and New York.
Donna Marie Gordon was physically absent from the State of Florida for approximately two and a half years prior to the filing of the dissolution of marriage proceeding.
Donna Marie Gordon testified that it was always her intent to make a permanent home in the State of Florida, that she did not change her intent while out of the state and that she was absent in order to accompany her serviceman-husband.
She maintained a mailing address in Hialeah, Florida, at all times and some of her personal possessions, including wedding gifts, were kept in Hialeah, Florida.
The finding of the trial court upon the issue was as follows:
"... Donna Marie Gordon, was a resident of the State of Florida as is required by statutory law, and that she had at all times the intent to be and remain a permanent resident and citizen of Florida, and that she openly manifested such intent at all times. It was the finding of the Court that Donna Gordon left the State of Florida on a temporary basis for the sole purpose of accompanying her serviceman-husband who was assigned to duty outside the State of Florida."
We have recently had an occasion, in Bolles v. Bolles, 364 So.2d 813 (Fla. 3d DCA 1978), to hold that a wife's domicile generally follows that of her husband, at least during the period of marriage when they reside together; citing Frank v. Frank, 75 So.2d 282 (Fla. 1954); and Minick v. Minick, 111 Fla. 469, 149 So. 483 (1933).
The wife relies upon the holdings in Sheppard v. Sheppard, 286 So.2d 37 (Fla. 1st DCA 1973); and Jeffries v. Jeffries, 133 So.2d 751 (Fla. 3d DCA 1961), for her position that she did not lose her Florida residence when she followed her husband out of the state. She admits that each of these cases concerns servicemen and not their wives, but she urges that the same rule should be applied to the wives of servicemen.
In Jeffries, this court held that the appellant-husband, a Florida resident and a career naval officer who had been on continuous active duty in various parts of the United States, would have the benefit of Section 46.12,[1] Florida Statutes (1943), and would be deemed a resident of the state for the purposes of maintaining suit for divorce.
In Sheppard, the District Court of Appeal, First District, held that a serviceman who had established a permanent residence in Florida was not deprived of that residence by sojourns on tours of duty outside this state. The court applied Section 46.12, Florida Statutes (1943). The court held:
* * * * * *

*423 "There is no indication that appellant has ever established a permanent residence in a state other than Florida. The record overwhelmingly establishes that appellant meets the residency requirements of F.S. § 61.021, F.S.A."
The plaintiff-wife here is in a remarkably similar situation unless her residence followed that of her husband. There is no showing in the record that the husband is a resident of Florida or has continuously, from any prior residence in Florida, intended to maintain his residence in the State of Florida. Residence and domicile may be different in a particular case. See Campbell v. Campbell, 57 So.2d 34 (Fla. 1952); Minick v. Minick, 111 Fla. 469, 149 So. 483 (1933); and Brown v. Brown, 123 So.2d 382 (Fla. 2d DCA 1960). That distinction is not important under the facts of the instant case because there is no doubt that the plaintiff-wife was absent from the State of Florida during the critical period.
For the trial court to have had jurisdiction of the wife's complaint, it would be necessary to hold that the wife at all times during the marriage and while she was living with her husband out of state, maintained a residence in Florida apart from her husband. We are aware that the position of married women has changed a great deal since the formulation of some of the ideas applied in the cases cited. We do not think that the change requires an abandonment of the idea that a wife's residence is normally that of the husband. The family relation presupposes that the wife and mother will have a residence with the family. In the instant case, the family was in New York until the separation of the parties. We hold that for the wife to establish a residence different from that of her husband, she must do so after a break-up of the marriage relationship.
We rely upon those cases holding that the statutory requirement for residence for a specific period means actual and not constructive residence. See Campbell v. Campbell, 57 So.2d 34 (Fla. 1952); and Wise v. Wise, 310 So.2d 431 (Fla. 1st DCA 1975). It is clear from the record before us that this did not occur so far as the plaintiff here is concerned six months prior to the filing of the complaint for dissolution of marriage.
The final judgment is reversed with directions to dismiss the cause without prejudice.
Reversed.
BARKDULL, Judge, dissenting.
I have reviewed the opinion authored by Judge Pearson and cannot concur.
I would hold that a wife of a military man is entitled to the same benefits of Section 46.12, Florida Statutes (1943) as her husband. Therefore, I would affirm.
NOTES
[1] "47.081 Military, naval or other service as residence. Any person in any branch of service of the United States, including military and naval service, and the husband or the wife of any such person, if he or she is living within the borders of the state, shall be prima facie a resident of the state for the purpose of maintaining any action."