413 So.2d 412 (1982)
Herman GILLMAN, Appellant,
v.
Anne GILLMAN, Appellee.
No. 80-2227.
District Court of Appeal of Florida, Fourth District.
April 7, 1982.
Rehearing Denied May 20, 1982.
*413 David L. Kahn of Kahn & Gustafson, Fort Lauderdale, for appellant.
Martin I. Lipnack and Richard H. Levenstein of Schnur & Lipnack, Fort Lauderdale, for appellee.
DELL, Judge.
The husband appeals a final judgment of dissolution of marriage, granted by the trial court on petition of the wife, contending the trial court was without jurisdiction. We agree and reverse.
To obtain a dissolution of marriage, the party filing the proceeding must reside in Florida for six months before filing the petition. § 61.021, Fla. Stat. (1971). Evidence as to Florida residence must be corroborated. § 61.052(2), Fla. Stat. (1971). Appellee did not testify to her Florida residence. The only evidence adduced was the testimony of appellee's sister. Because this evidence of residence was not corroborated as required by Section 61.052(2), Florida Statutes (1971), the trial court was without jurisdiction to enter the judgment of dissolution.
Although this error alone requires reversal, another jurisdictional error requires discussion. Appellee's sister testified that appellee had been a resident of Florida for one year at the time of the hearing, having moved to Florida from New York in September of 1979. Although this established that the appellee had been a resident of Florida for one year at the time of the hearing, it also established that at the time the petition was filed in January of 1980, appellee had been a Florida resident for not more than four months. The witness's further testimony as to appellee's residence was unclear, confusing and did not dispel the effect of her previous testimony.
Section 61.021, Florida Statutes (1971), requires the party filing the proceeding to reside six months in the state before filing the petition. We construe this section to mean the party filing the proceeding must reside in this state for the six months next preceding the filing of the petition. Residence for purposes of dissolution of marriage means an actual presence in Florida coupled with an intention at that time to make Florida the residence. Curran v. Curran, 362 So.2d 1042 (Fla. 4th DCA 1978). Thus, the residence requirement is not satisfied by the mere maintenance of a vacation or other temporary home in this state. Nor does the establishment of six months bona fide Florida residence forever after entitle the petitioner to invoke the jurisdiction of our courts. See Gordon v. Gordon, 369 So.2d 421 (Fla.3d DCA 1979).
*414 The testimony in this case did not tend to prove that actual, continuous presence coupled with the requisite intent existed until September, 1979. Since the petition was filed only four months later, the trial court was without jurisdiction to enter the judgment appealed.
We hold that Section 61.052(2), Florida Statutes (1971), requires that the individual invoking the jurisdiction of the court must testify as to his or her actual presence in the state and the intention to make Florida his or her residence at that time, and that such testimony must be corroborated by other testimony or objective evidence.
Accordingly, the final judgment of dissolution of marriage is reversed.
GLICKSTEIN and HURLEY, JJ., concur.