420 So.2d 914 (1982)
Patricia Genz CRUICKSHANK, Appellant,
v.
John P. CRUICKSHANK, Appellee.
No. AK-162.
District Court of Appeal of Florida, First District.
October 21, 1982.
*915 T. Patterson Maney, Fort Walton Beach, for appellant.
Stephen S. Poche of Cotton, Wesley & Poche, Shalimar, for appellee.
MILLS, Judge.
The wife appeals a final judgment dissolving the marriage between the parties. She contends the husband did not meet the statutory residency requirements; the trial court erred in not dismissing the action because the wife had a prior action for legal separation pending in Illinois; and the trial court erred by failing to order marital counseling where the wife contested the marriage was irretrievably broken. We affirm.
The husband is a colonel in the United States Air Force. The parties were married in Boston, Massachusetts, in 1961. In 1966, the husband was assigned to Eglin Air Force Base in Okaloosa County. The parties purchased a home in Fort Walton Beach, and the husband registered to vote, registered the family car in Florida, and opened an account with the Eglin Federal Credit Union. The husband still owns the home in Fort Walton Beach, votes in Okaloosa County by absentee ballot, drives on a Florida driver's license, and maintains the account at the Eglin Credit Union. In 1971, the husband was assigned to Scott Air Force Base in Illinois where the parties also bought a home. In March 1982, the husband was assigned to Texas but Mrs. Cruickshank remained in Illinois.
In July 1981, the wife filed for legal separation in Illinois. The husband was personally served and answered. In August 1981, the husband filed for dissolution of marriage in Okaloosa County alleging his residency there. The wife filed a motion to dismiss the Florida action alleging that the husband had not met Florida's residency requirement, that Florida was an inconvenient forum, and asserting that the parties were already litigating in Illinois, which was denied. The wife also filed a motion for court-ordered counseling which was denied.
The test of residency is physical presence in Florida and the concurrent intent to be a permanent resident. Bloomfield v. City of St. Petersburg Beach, 82 So.2d 364 (Fla. 1955). The husband was physically present in Florida from 1966 to 1971. Coupled with the facts set forth above showing intent to be a permanent resident, the trial court properly held that the husband met the statutory residency requirements. See Jeffries v. Jeffries, 133 So.2d 751 (Fla. 3d DCA 1961), and Sheppard v. Sheppard, 286 So.2d 37 (Fla. 1st DCA 1973).
The application of the doctrine of forum non conveniens rests within the sound discretion of the court, tempered by the time-honored concept of "the interest of justice." Houston v. Caldwell, 347 So. 1041 (Fla. 4th DCA 1977). The interest of the litigants must be balanced against each other and unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The husband contends that Florida is the only forum available to him. The wife has not shown otherwise nor shown abuse of discretion on the part of the trial court.
The wife's contention that the Florida court should have declined jurisdiction in deference to the prior and concurrent jurisdiction of the Illinois court is without merit. Gratz v. Gratz, 188 So. 580 (Fla. 1939).
*916 A motion for marriage counseling is within the sound discretion of the court. Hair v. Hair, 402 So.2d 1201 (Fla. 5th DCA 1981). The wife has not shown an abuse of discretion.
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and THOMPSON, J., concur.