508 So.2d 419 (1987)
Georg Arthur Josef Maria BEAUCAMP, Appellant,
v.
Ellen Adam BEAUCAMP, Appellee.
Nos. 85-2480, 85-2481 and 86-80.
District Court of Appeal of Florida, Second District.
May 8, 1987.
Rehearing Denied June 18, 1987.
*420 Patrice A. Pucci and Michael L. Hastings of Battaglia, Ross, Hastings, Dicus and Andrews, St. Petersburg, for appellant.
Ellen Adam Beaucamp, pro se.
DANAHY, Chief Judge.
The husband in this dissolution of marriage action appeals from a final judgment of divorce and two postjudgment orders on the grounds that the trial court lacked subject matter jurisdiction. We agree and reverse because the wife's evidence was insufficient to establish that she was a resident of Florida for the required six-month period preceding the filing of her petition for dissolution. § 61.021, Fla. Stat. (1983).
When the parties met and married in Florida in 1981, the wife, a citizen of the Federal Republic of Germany, was a resident alien in Florida and had been living here since 1973. Before the marriage she owned and paid taxes on residential rental property here. She retained the property when she moved to Germany immediately after the parties married. She still owns this property which retains its commercial, nonhomestead character. She possesses a German passport, a Florida driver's license, and a Social Security card which she has had since before the marriage.
The husband, also a German citizen, was at all relevant times a resident of that country. During the marriage which lasted a little over two years, the parties lived together in Germany, taking vacations in Florida once or twice a year for several weeks at a time. The wife testified that she never lost her resident alien status for purposes of the immigration laws because she was never out of this country for more than a year at one time. Whatever the truth of that representation, it does not resolve the question of her residency status for purposes of invoking the jurisdiction of a Florida court in a dissolution of marriage action. On the record before us, we find that while she was formerly a Florida resident, she lost that status and failed to make the necessary clear and positive showing that she had regained it when she filed this suit and for the critical preceding six-month period.
The petition for dissolution of marriage was filed on November 7, 1983. Therefore, the statutory period began to run on May 7, 1983. According to the wife and her corroborating witness, during 1983 the wife was present in Florida for several weeks during April and May, returned to Germany and came back to Florida in mid-October, where she has since remained. The wife herself testified that the purpose of the trips in the spring and in October was a vacation. While the parties were in Florida at some time during October 1983, the wife told the husband that she would not return to Germany with him. This was the first time that she objectively manifested any intention to no longer live with the husband in Germany. After the wife filed her petition for dissolution of marriage in Florida, the husband filed suit for divorce in Germany where the parties lived while they were married and where they both have always been citizens. The wife did not object to the jurisdiction of the German court; rather, she personally appeared and contested the divorce action there. She thereby subjected herself to personal jurisdiction in Germany and was bound by the ruling of that court. An order of dissolution of marriage was entered by the German court prior to the judgment in the case before us.[1]
*421 We turn now to the law regarding subject matter jurisdiction for a dissolution of marriage action and its basis on the statutory residency requirement. Florida courts recognize that residency for that purpose means an actual presence in Florida, coupled with an intention at the time to make Florida one's residence. Campbell v. Campbell, 57 So.2d 34 (Fla. 1952); Gillman v. Gillman, 413 So.2d 412 (Fla. 4th DCA 1982); Curran v. Curran, 362 So.2d 1042 (Fla. 4th DCA 1978). Residency for purposes of domicile is deemed to mean both residence and domicile. Gillman; see also McDougald v. Jenson, 596 F. Supp. 680 (N.D.Fla. 1984). The general rule is that a wife's domicile follows that of her husband. McIntyre v. McIntyre, 53 So.2d 824 (Fla. 1951). The wife's residence and domicile does not necessarily follow that of her husband when facts pertinent to her particular case determine otherwise. Simpson v. Simpson, 339 So.2d 250 (Fla. 2d DCA 1976). When a petitioner divides the year between Florida and another place, residence is found to be in "the chief seat of his household affairs or home interests." Chisholm v. Chisholm, 98 Fla. 1196, 125 So. 694 (1929).
The meaning of domicile and residence in the context of dissolution of marriage is often unclear. Campbell v. Campbell speaks of the issue in the following language: "It is usually held that a statutory requirement of residence for a specified period means actual, and not constructive, residence, thus in effect imposing a requirement additional to that of mere legal domicile." 57 So.2d at 35 (citing 17 Am. Jur. Divorce and Separation § 251 (1957)). Campbell was later explained by the Florida Supreme Court in Bloomfield v. City of St. Petersburg Beach, 82 So.2d 364 (Fla. 1955), in the following way:
Although a headnote [in Campbell] indicates a holding that actual physical presence in the state for the required time is essential, a careful examination of the opinion will reveal that in actuality such was not entirely the ruling of the Court. The Court did insist, however, that in a divorce proceeding which is a cause in which the State is always an unnamed third party, there must be a positive showing that the establishment of actual permanent residence is bona fidely intended and that there must be clear and positive evidence of fulfilling this intention by affirmative acts that point conclusively to the desire to make Florida one's permanent residence. Here again the intent and the act must concur.
Bloomfield v. City of St. Petersburg Beach, 82 So.2d at 369 (emphasis added).
It is clear, therefore, that the standard of evidence to establish residency  and therefore subject matter jurisdiction in a dissolution suit  is "clear and positive", which we view as akin to "clear and convincing" rather than merely a preponderance. We find on the instant record that the lengthy time that the wife was outside Florida during the crucial six-month period, when her intention to stay in Florida was not expressed until shortly before she filed for divorce, coupled with her other affirmative acts during this marriage, such as moving to Germany and her conduct while there, do not provide sufficient proof to meet this heightened standard. We would note that this opinion does not mean that a bona fide domiciliary and resident of Florida who was contemplating divorce cannot leave the state during *422 the six months next preceding the date of filing for dissolution, the time when actual presence and intent must coexist. Warren v. Warren, 73 Fla. 764, 75 So. 35 (1917). We do hold that on the facts before us the wife did not have the necessary presence coupled with intent to show clearly and convincingly that she was a bona fide resident of Florida during the period from May 7 to November 7, 1983. Campbell, Bloomfield.
We reverse the judgment and the post-judgment orders and remand for entry of an order dismissing the case.
Reversed and remanded.
CAMPBELL and SCHOONOVER, JJ., concur.
NOTES
[1] The German dissolution action was subsequently upheld on appeal by the wife as seen by authenticated documents provided to this court by the husband without objection from the wife. The appeal in Germany was decided after the circuit court in Florida had rendered its final judgment of dissolution. The German appellate court was concerned that its trial court should not have proceeded while a Florida action was pending. It studied the facts presented by both parties (the same facts that were before the circuit court) and only ruled that the German court properly took jurisdiction after it had satisfied itself that a Florida order could not have been recognized in Germany because jurisdiction in Florida would not have been valid according to German law. Under German law, jurisdiction was properly in Germany because both parties were German citizens and the last common regular residence of the married parties was in Germany, prior to the cessation of the marital relationship in October 1983. Had we agreed with the circuit court that it had jurisdiction in this case, we would also have held it proper for the circuit court to dismiss the petition on principles of comity. See, e.g., Pawley v. Pawley, 46 So.2d 464 (Fla. 1950); Baron v. Baron, 454 So.2d 86 (Fla. 4th DCA 1984); In re Estate of Schorr, 409 So.2d 487 (Fla. 4th DCA 1981).