648 So.2d 712 (1995)
Lawrence FERNANDEZ, Jr., Petitioner,
v.
Susan E. FERNANDEZ, George Murphy, Michael A. Murphy, David Murphy, Ann Nash, Laurie Someson, Jane Bourkard, Estate of Susan E. Fernandez, Deceased, and E. Richard Bourkard, Jr., Personal Representative of the Estate of Susan E. Fernandez, Respondents.
No. 83392.
Supreme Court of Florida.
January 12, 1995.
Robert S. Hobbs of Harry M. Hobbs, P.A., Tampa, for petitioner.
Simson Unterberger, Tampa, for respondents.
WELLS, Justice.
We have for review Fernandez v. Fernandez, 632 So.2d 638 (Fla. 2d DCA 1994), which expressly and directly conflicts with the decision in Gillman v. Gillman, 413 So.2d 412 (Fla. 4th DCA 1982), on the issue of whether an individual seeking to invoke the jurisdiction of the court in a proceeding pursuant to chapter 61, Florida Statutes (1991), for the dissolution of a marriage must testify in a hearing before the presiding court. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the decision of the district court in this case and disapprove that part of the opinion in Gillman which is in conflict with the Second District Court's decision.
On November 21, 1991, Susan E. Fernandez, now deceased, filed a motion seeking a dissolution of her marriage to the petitioner. *713 Petitioner filed an answer and a counter-petition also seeking a dissolution of the marriage. On January 21, 1992, Mrs. Fernandez filed a motion to bifurcate the proceedings on the allegation that she was terminally ill and that her doctors advised her that her life expectancy was countable in weeks. The parties stipulated to the granting of this motion, and it, as well as a final judgment of dissolution, was granted on January 23, 1992. The final judgment dissolved the marriage and reserved jurisdiction over all other issues contained in the parties' pleadings. Mrs. Fernandez died on January 25, 1992.
After Mrs. Fernandez' death, the pleadings were amended, and George Murphy, Michael A. Murphy, David Murphy, Ann Nash, Laurie Someson, Jane Bourkard, Estate of Susan E. Fernandez, deceased, and E. Richard Bourkard, Jr., Personal Representative of the Estate of Susan E. Fernandez, were added as parties for the purpose of distribution of the marital assets and liabilities. A stipulated final judgment concerning the marital assets and liabilities was entered on December 17, 1992. On December 28, 1992, petitioner filed a motion for relief from the judgment of dissolution entered on January 23, 1992, on the ground that the court lacked jurisdiction. The motion alleged that the requirements of section 61.052, Florida Statutes (1991), were not satisfied because Mrs. Fernandez had not testified that she met the residency requirement of the statute.
Petitioner did not allege or offer any evidence that Mrs. Fernandez was not a resident of Florida at the appropriate times or claim that he was wrong in his sworn answer and counter-petition in alleging that the court had jurisdiction. Determining that it had no jurisdiction to enter the final judgment of dissolution, the trial court granted the petitioner's motion. The district court reversed and remanded for reinstatement of the final judgments.
In Florida, in order to obtain a dissolution of marriage, one of the parties to the marriage must reside in the state six months prior to the filing of a petition for dissolution. § 61.021, Fla. Stat. (1991). Further, evidence establishing a party's residence must be corroborated. § 61.052(2), Fla. Stat. (1991). Florida's residency requirement is jurisdictional and must be alleged and proved in every case. Similarly, corroborating testimony cannot be waived by an admission that the residency requirement has been met. Wise v. Wise, 310 So.2d 431 (Fla. 1st DCA 1975).
In the present instance, petitioner's verified answer admitted both the wife's Florida residency and that the marriage was irretrievably broken. Petitioner also affirmatively alleged residency of his wife and that the marriage was irretrievably broken in his counter-petition, which was likewise verified. Although no record of the dissolution proceeding was introduced into the district court record, at the hearing on petitioner's challenge to the divorce judgment, Mrs. Fernandez' first attorney testified that at the original hearing, George Murphy, Mrs. Fernandez' father, testified as a corroborating witness to his daughter's residency. The parties did not testify. We agree with the district court in this case that the verified pleadings and the testimony of Mrs. Fernandez' father satisfied the requirements of section 61.052. Therefore, the trial court had jurisdiction, and the final judgment entered on January 23, 1992, dissolved the marriage prior to Mrs. Fernandez' death on January 25, 1992. By this holding, we resolve the conflict with Gillman, and disapprove that part of the Gillman opinion inconsistent with this decision.
We further point out that a party is bound by the party's own pleadings. There does not have to be testimony from either party concerning facts admitted by the pleadings. Admissions in the pleadings are accepted as facts without the necessity of further evidence at the hearing. Carvell v. Kinsey, 87 So.2d 577 (Fla. 1956); City of Deland v. Miller, 608 So.2d 121 (Fla. 5th DCA 1992). Our decision here does not lessen the requirement mandating corroboration as to the party's residency. We do note that pursuant to section 61.052(2), Florida Statutes (1991), corroborating evidence can be presented either by testimony at a hearing or by affidavit.
*714 Next the district court, relying on Becker v. King, 307 So.2d 855 (Fla. 4th DCA), cert. denied, 317 So.2d 76 (Fla. 1975), held that the trial court maintained jurisdiction to enter the final judgment determining the parties' property rights subsequent to the wife's death. We also agree. In Becker, prior to the husband's death, a partial final judgment of dissolution of marriage was entered which dissolved the collateral matters such as property ownership and division. Before orders could be entered memorializing the decision regarding the collateral matters, the husband died. These orders were entered postmortem though nunc pro tunc to the date of the partial final judgment. The Fourth District Court of Appeal held that such orders were valid.
Respondent contends that the Becker case is in conflict with Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105 (1944), Johnson v. Feeney, 507 So.2d 722 (Fla. 3d DCA), review denied, 518 So.2d 1274 (Fla. 1987), Jaris v. Tucker, 414 So.2d 1164 (Fla. 3d DCA), review dismissed, 419 So.2d 1198 (Fla. 1982), and McKendree v. McKendree, 139 So.2d 173 (Fla. 1st DCA 1962), which hold that the death of a party to a marriage dissolution action before a final judgment is entered terminates the marriage relationship by operation of law and divests the trial court of jurisdiction to issue a final decree. Those cases are not applicable here because in this case the court had dissolved the marriage prior to the wife's death by entry of the final judgment of dissolution. By retaining jurisdiction to deal with the property, the court did not render the final judgment dissolving the marriage any less final.
The Becker court, in rejecting the assertion on appeal that the orders entered after the husband's death were invalid, made the point correctly:
A purely divorce suit is sometimes made an exception to this general principle of law permitting rendition and entry of a nunc pro tunc judgment after death because, it is said, the death itself has already terminated the marriage relationship. If so, the reason for this exception does not apply in this case because the marriage was not ended by death but by the written partial final judgment of January 22, 1973, and the matters involved in the appealed judgment relate only to matters collateral to, and made necessary and appropriate for legal decision by, the adjudication of dissolution.
Becker, 307 So.2d at 858 (footnote omitted).
For the foregoing reasons, we approve the decision of the district court.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
ANSTEAD, J., concurs in result only.