SHARP, W., J.
Kathryn Groeger appeals from a partial final judgment dissolving her marriage to Hans Groeger. The sole issue on appeal is whether the trial court should have ordered the parties to attend further marital counseling before rendering the final dissolution judgment. We find no abuse of discretion and affirm.
The parties were married in 1994. They have no children. In December 2000, Hans filed for dissolution, alleging their marriage was irretrievably broken. Ka *1274 thryn filed her answer, denying that allegation.
In October 2001, the parties entered into a mediation agreement. They agreed to modify an existing injunction so they could have “non-hostile” contact with each other through a family counselor until the counselor found the parties could meet privately in a non-hostile manner. The parties also agreed:
Either party has the right to terminate any contact between themselves, if either believes after a good faith effort at family counseling, that the counseling and/or contact with one another is counter-productive and will not assist the parties in getting on with their lives after the dissolution of their marriage.
The mediation agreement provided the parties’ attorneys would exchange financial information and discuss equitably dividing the parties’ assets. The attorneys agreed to complete their discussions and set a second mediation session, enter into an agreement or set the case for trial within the next six months.
In March 2003, Hans signed a form document providing sworn testimony for the final dissolution hearing. Hans marked the box stating, the marriage is “Irretrievably broken. I no longer love my spouse, I do not want to be married any longer, and no delay or counseling will save my marriage.”
A few days later, the trial court entered a partial final judgment of dissolution of marriage. The judgment states a final hearing was held, and the marriage was dissolved on the ground it was irretrievably broken. The court reserved jurisdiction as to the remaining issues.
On appeal, Kathryn argues the trial court should have ordered further marital counseling before rendering the judgment. Kathryn claims she was under psychiatric and psychological treatment while the dissolution was pending and so was unable to undergo any meaningful counseling, as the parties agreed during mediation. Kathryn believes her marriage is not irretrievably broken, and that counseling, now that she is stable, will salvage her marriage. Kathryn requests that we reverse the dissolution judgment and remand with instructions to order joint marital counseling.
A motion for marriage counseling is directed to the sound discretion of the trial court. Cruickshank v. Cruickshank, 420 So.2d 914 (Fla. 1st DCA 1982); Hair v. Hair, 402 So.2d 1201 (Fla. 5th DCA 1981), rev. denied, 412 So.2d 465 (Fla.1982). The refusal to order marital counseling is not an abuse of discretion simply because one party contests whether the marriage is irretrievably broken. Cruickshank (trial court did not abuse its discretion in denying wife’s motion for marital counseling even though wife contested the marriage was irretrievably broken); Hair (trial court did not abuse its discretion in denying husband’s motion for marriage counseling even though husband opposed the dissolution and demanded court-ordered counseling for the parties).
Here the parties agreed to meet with each other in the presence of a counselor. However, this counseling did not appear to have been for the purpose of maintaining the marriage. Rather, the purpose seemed to be to help the parties adjust to the end of the marriage and get on with their lives after the dissolution.
The marriage was not dissolved until March 2003, more than two years after Hans filed for dissolution and some 16 months after the parties entered into the mediation agreement. During all this time, Hans has maintained the marriage is irretrievably broken and the parties have not been able to effect a reconciliation. At *1275 this point, requiring the parties to undergo counseling would be futile and an abuse of discretion. See Nelms v. Nelms, 285 So.2d 50 (Fla. 4th DCA 1973)(in view of pleadings and evidence showing that marriage of parties was irretrievably broken, trial judge abused his discretion in refusing to dissolve marriage and requiring that parties seek marriage counseling). We agree with Nelms that if the evidence demonstrates the marriage is broken beyond repair in one party’s firm view, the trial judge must dissolve the marriage. It is commendable to try to effectuate a reconciliation. But like ballroom dancing, it takes two.
AFFIRMED.
GRIFFIN and TORPY, JJ„ concur.