ALTENBERND, J.
Concurs with opinion.
I agree that the death of the Former Husband after the entry of the final judgment of dissolution in this bifurcated proceeding did not divest the circuit court of jurisdiction. That said, this case is procedurally quite different from Fernandez v. Fernandez, 648 So.2d 712 (Fla.1995). The Former Wife filed a timely claim in the probate proceeding for her marital interest in the Former Husband’s estate. It is unclear from our limited record what occurred in the probate proceeding, but the probate proceeding has been closed for more than two years. I do not understand what marital assets may remain under the jurisdiction of the circuit court in the dissolution proceeding or what claims might exist against third parties in that case. Thus, I agree that the court continues to have jurisdiction in this dissolution proceeding at least as to claims against Edward Frank Passamondi, Stephanie Cuebas, and Steve Dominic Passamondi, individually, but I express no opinion on the court’s ability to distribute marital assets or to enter orders against the personal representative of a closed probate estate.