Charles H. Patten and First National Bank of Bradenton v. Helen Mokher, Doris Mokher, and Joseph Mokher and their next friends and natural guardians, B. K. Gunn and his wife, Mary A. Gunn, and Standard Accident Insurance Company.

184 So. 29.
Division A.
Opinion Filed October 20, 1938.

*W. L. Kimball, Alvan B. Rowe* and *Wallace Tervin,* for Appellants;

*Redfearn & Ferrell,* for Appellees.

Terrell, J.—A. F. Mokher and his wife, Lucile Mokher, citizens and residents of Manatee County, were killed in an

airplane accident in July, 1934, leaving surviving them, three minor children, Helen Mokher, Doris Mokher and Joseph Mokher. The probate court of Manatee appointed Manatee River Bank and Trust Company of Bradenton as guardian of the estate of said minor children.

The Manatee River Bank and Trust Company continued to act as such guardian until April 17, 1937, when it was regularly discharged and Charles H. Patten was appointed as its successor. Patten immediately assumed his duties as guardian, transferred the assets of the estate to the First National Bank of Bradenton and has since acted as guardian under orders of the probate court of Manatee County. No complaint is made as to his administration.

After the death of Mr. and Mrs. Mokher, B. K. Gunn and his wife, Mary A. Gunn, the parents of Mrs. Mokher, took the Mokher children to their home at Miami, Florida, to live with them. They forthwith instituted adoption proceedings in Dade City and the order of adoption was entered by the Circuit Court October 28, 1935. It adjudicated the said minors to be the adopted children of Mr. and Mrs. Gunn, entitled to inherit from them.

B. K. Gunn and Mary A. Gunn, acting as the next friend of the Mokher minors, then filed the bill of complaint herein in the Circuit Court of Dade County seeking to remove Charles H. Patten as guardian of the estate of said minors, to appoint a receiver to take charge of the assets of said estate and for other relief. The Court without notice, on June 8, 1937, entered its order restraining Patten from expending, contracting to expend, or otherwise disposing of any of the assets of said minors except for their support until further order of the Court and requiring him to show cause why a receiver should not be appointed to take charge of all the assets of said minors and conserve the same pending the litigation herein.

On the theory that the Circuit Court of Dade County had no supervisory jurisdiction over the probate court of Manatee County and its guardian, Patten filed in this Court his petition for prohibition directed to the Circuit Court seeking to inhibit it from proceeding further in the cause. On consideration, the application for prohibition was on February 3, 1938, dismissed and on February 19 following, Patten appeared specially for the sole purpose of moving to quash the service and return of summons in the main cause. This motion was overruled and appeal taken from that order.

The sole question with which we are confronted is whether or not the venue of the main cause of action brought by B. K. Gunn and his wife to remove Patten as guardian was properly laid.

Much is said in briefs of counsel about both the question of venue and jurisdiction. In some cases, venue and jurisdiction may run co-extensive. When this is the case, venue and jurisdiction are co-terminous, but in other cases, jurisdiction may extend beyond the venue in which the cause of action is required to be brought.

The motion to quash the summons and service contains numerous grounds, but in essence all charge that the venue was laid in Dade County when the cause of action, if any there was, arose in Manatee County. No other question is raised by the motion and no defect is charged in the service.

In fine, the motion to quash the summons relates only to the personal privilege claimed of being sued in Manatee County. It raises and posits solely questions of fact that require decision by the Court and is equivalent to a plea in abatement. It does not involve any question of jurisdiction. E. O. Painter Fertilizer Co. v. Dupont, 54 Fla. 288, 45 So. 507. It amounts to a general appearance and recognized the

jurisdiction of the Court. Dudley v. White, 44 Fla. 264, 31 So. 830.

On the point of jurisdiction, Appellants rely on Rorick v. Stillwell, 101 Fla. 4, 113 So. 609, and Bowmall v. Bowmall, 127 Fla. 747, 174 So. 14. Both these cases treat motions to quash filed by non-resident defendants and are grounded on want of jurisdiction. It is competent for a non-resident to raise the question of jurisdiction in this manner because the circuit courts have no jurisdiction over them. As to residents of Florida, the circuit courts have jurisdiction over them regardless of the county in which they reside and when reached by summons, they become subject to the orders and decrees of the Court. Section 4234, Compiled General Laws of 1937. If after service, he desires to claim his privilege of being sued in the County of his residence, he may raise the question of venue as provided in Section 33 of the 1931 Chancery Act. Under Dudley v. White, *supra,* the motion to quash amounted to a general appearance.

In the brief of appellant, ten questions are argued. In addition to venue and jurisdiction, they relate to whether or not the Circuit Court of Dade County has jurisdiction over the probate court of Manatee County and the assets of the Mokher minor children held in said county and whether this controversy should be litigated in Dade or Manatee County.

These questions do not seem to have been ruled on by the trial court and some of them have been only indirectly if at all presented to him. It is shown that the Mokher minors are residents and citizens of Dade County and that all the assets are represented by cash and securities held in the bank in Manatee County. Under the showing made, the cause might have been appropriately brought in either

county, but the state of the record is not such that we are justified in answering the other questions raised.

The judgment below is affirmed.

Affirmed.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, J., concurs in the opinion and judgment.

CHAPMAN, J., concurs specially.

BROWN, J., not participating.

CHAPMAN, J. (concurring).—I concur in the opinion prepared by Mr. Justice TERRELL in the case at bar. An examination of the transcript shows a mismanagement of the estate of these infants prior to January 3, 1937. I fail to find irregularities, mismanagement or a single improper order made or entered by the County Judge's Court of Manatee County, Florida, in connection with this estate since January, 1937, and the record discloses acts of caution, prudence and sound judgment in the late management and supervision thereof by the Honorable S. J. Murphy, County Judge of Manatee County, Florida.