Action by J.M. Harrell against Jeff Black, wherein the defendant filed a special appearance and a motion to quash the service of summons. From an adverse judgment, the plaintiff appealed and petitioned for an alternative writ of mandamus.
Judgment affirmed.
In May 1947, appellant, J.M. Harrell, instituted a common law action against Jeff Black in the Circuit Court of Dade County. On May 27th, summons ad respondendum was issued and served with the following endorsement:
"Received this Summons Ad Res. on the 27th day of May, 1947 and served the same on the 27th day of May, 1947, in Dade County, Florida, upon:
 Jeff Black
the within named defendant by delivering to him personally a true copy of this summons by then and there showing to him this original and explaining to him the contents thereof:
 Copy-return .60
 service 2.00
 2 mi. .25
 ______
 2.85
 Jimmy Sullivan Sheriff
 Dade County, Florida
 By S.H. Cheetham D.S."

On July 7, 1947, defendant filed a special appearance and motion to quash in which the sufficiency of the summons and service is admitted but he says that he is a resident, citizen and sheriff of Barnwell County, South Carolina, that he is immune from service of process while attending court outside the jurisdiction of his residence, that on April 4, 1947, a fugitive warrant was issued by the Justice of the Peace, Second District, Dade County, Florida, for J.M. Harrell, that the said J.M. Harrell was arrested April 8th on said warrant, that on May 24th, petition for habeas corpus was filed in the Circuit Court seeking release of J.M. Harrell, that on May 27th, hearing was had on the writ of habeas corpus but that prior thereto on request of the Governor of South Carolina, the Governor of Florida issued a warrant for the arrest of J.M. Harrell for delivery to the State of South Carolina, that defendant *Page 311 
Jeff Black was duly appointed as the agent of South Carolina and came to Miami, Florida, solely for the purpose of taking J.M. Harrell into custody as agent of and returning him to South Carolina, that he testified in the habeas corpus hearing while at Miami and was served with process by the Sheriff of Dade County shortly after the hearing, that by reason of these facts he says he is immune from service of process.
At the hearing on the motion to quash the service the plaintiff contended that its sufficiency could be raised only by plea in abatement with supporting evidence the truth of which should be determined by a jury. The trial court held that the sufficiency of the service could be determined on the motion to quash with supporting affidavits and so ruled. We are confronted with an appeal and petition for alternative writ of mandamus to this order. We think the appeal was the correct procedure.
The question for determination may be stated as follows: In a common law action where the truth of the endorsement of the sheriff on summons ad respondendum is admitted, may matters dehors the return, be reached by motion to quash supported by affidavits or should such matters be raised by appropriate plea?
In this case the matter dehors the return was the defense of privilege or immunity from suit. Appellant contends that the point can be raised only by plea in abatement, that it cannot be raised by motion to quash, supported by affidavits and that the trial court would have so held had he not become confused about the procedure applicable to common law and equity for raising matters dehors the return, where the truthfulness of the sheriff's return is admitted. Appellee contends on the other hand that the motion to quash was the correct procedure.
We have read the cases discussed by appellant but we do not think his position is well grounded. There is no dispute about the facts in this case. It is also admitted that when the sheriff of another state comes to Florida solely to perform an official duty he is immune from civil process. He could not raise such immunity by general appearance but was required to raise it by special appearance in the manner provided by Section 50.02, Florida Statutes 1941, F.S.A., the pertinent part of which is as follows:
"50.02. When any special appearance has been filed by a defendant in any cause in any of the courts of the State of Florida upon the proper return day in such cause, such special appearance shall operate as a general appearance, unless the defendant so filing such special appearance shall file a statement of the grounds of such special appearance and his motion to quash at the time of filing such special appearance or not less than ten days before the next succeeding rule day."
Examination of the quoted statute discloses that if the special appearance is not accompanied by a statement of the grounds on which it is based, it will be treated as a general appearance. There was accordingly no alternative for the defendant to preserve the efficacy of his special appearance and save it from becoming a general appearance but by following the requirements of the statute.
In the case of Speight et al. v. M.F. Horne, 101 Fla. 101,133 So. 574, we not only approved this procedure but we there held that it was the duty of the Circuit Court when objection was made to investigate the charge of lack of jurisdiction and determine from the record and other facts submitted whether or not the court has ever lawfully obtained jurisdiction over the parties against whom the suit is brought, either by appropriate service of process or by voluntary appearance. See Patten et al. v. Mokher, et al., 134 Fla. 433, 184 So. 29, where we held that this was the proper manner for a nonresident to raise the question because the Circuit Courts have no jurisdiction over them.
Here the sole question raised was jurisdiction of the court over the defendant and that turned on the question of privilege or immunity from the service of process. It was a question of law for the court to determine and we can think of no *Page 312 
reason why a plea in abatement should be raised and a jury called to pass on the evidence to support such a plea.
In our view Section 50.02, Florida Statutes 1941, is applicable to both law and equity when it becomes necessary to file a special appearance so the judgment is affirmed.
Affirmed.
ADAMS, C.J., and CHAPMAN and SEBRING, JJ., concur.