556 So.2d 441 (1990)
Carter Todd Peyton JENKINS, Appellant,
v.
Alexandra O. JENKINS, Appellee.
No. 89-2264.
District Court of Appeal of Florida, Fourth District.
January 17, 1990.
Rehearing and Rehearing Denied February 27, 1990.
*442 James P. O'Flarity of Law Offices of James P. O'Flarity, P.A., West Palm Beach, for appellant.
Lytal & Reiter, and Jane Kreusler-Walsh of Klein, Beranek & Walsh, P.A., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied February 27, 1990.
POLEN, Judge.
This case involves long-arm jurisdiction as it applies to former wife's petition for dissolution of marriage and the Uniform Child Custody Jurisdiction Act in effect in both Florida and New York. Appellant, former husband, seeks review of the trial court's August 16, 1989 order denying his motion to dismiss for lack of jurisdiction and the August 24, 1989 order denying his motion to quash service of process and dismiss. We affirm as to the August 16th order and reverse and remand as to the August 24th order.
At the August 16th hearing, former husband alleged former wife had not met the six-month residence requirement as a prerequisite to bringing a dissolution action in Florida pursuant to section 61.021, Florida Statutes (1986). "Residence" for purposes of dissolution means "an actual presence in Florida coupled with an intention at that time to make Florida the residence." Gillman v. Gillman, 413 So.2d 412, 413 (Fla. 4th DCA 1982). We do not accept former husband's argument that actual presence is required during the entire six-month time frame. We feel the requirement is that of a concurrent showing that the establishment of actual permanent residence is intended and evidence of fulfilling this intention. Bloomfield v. City of St. Petersburg Beach, 82 So.2d 364 (Fla. 1955).
In support of his motion to dismiss, former husband supplied only a conflicting affidavit listing the numerous residences of the parties. There was nothing to evidence intent. An evidentiary hearing was needed, offered by the trial court, and refused by former husband. We therefore, affirm the trial court's order denying the motion to dismiss without prejudice to bring the motion anew. Former husband's allegation that Florida was not the child's "home state" as defined by the Uniform Child Custody Jurisdiction Act is premature as the initial question is jurisdiction regarding the dissolution.
*443 At the August 24th hearing, former husband, a New York resident, claimed former wife's petition for dissolution failed to allege sufficient facts to meet the statutory requirements for long-arm jurisdiction over a nonresident and thereby rendered service of process void. Feder v. Feder, 526 So.2d 780 (Fla. 3d DCA 1988); Rand v. Rand, 491 So.2d 1293 (Fla. 4th DCA 1986). Section 48.193(1)(e), Florida Statutes (1987), states jurisdiction obtains only if the parties maintained a matrimonial domicile in the state at the time of commencement of the action or if the defendant resided in the state preceding the commencement of the action. While former wife alleges her six month residence requirement, the only allegation as to former husband is the statement that the parties were married in Palm Beach, Florida. This is insufficient to enable the courts of Florida to obtain long-arm jurisdiction over appellant. Mouzon v. Mouzon, 458 So.2d 381 (Fla. 5th DCA 1984). We therefore reverse and remand, allowing wife to amend her petition and require an evidentiary hearing to resolve the issue of residency.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.
HERSEY, C.J., concurs.
LETTS, J., concurs in conclusion only.