736 So.2d 801 (1999)
Leewine N. HUNTER, Appellant,
v.
Virginia Lovelace HUNTER, Appellee.
No. 98-3037.
District Court of Appeal of Florida, First District.
July 15, 1999.
Angela W. Davis of Cummings, Hobbs & Wallace, P.A., Tallahassee, for Appellant.
Julius F. Parker, III and Barbara D. Auger of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee, for Appellee.
PER CURIAM.
Leewine N. Hunter challenges an order denying his motion for relief from a final judgment of dissolution. Appellant argues that the trial court lacked subject matter jurisdiction over this dissolution proceeding because the appellee, Virginia Lovelace Hunter, was not a Florida resident for the six-month period prior to the filing of the dissolution petition. We affirm.
The final judgment of dissolution, which incorporated the marital settlement agreement of the parties, was entered on July 7, 1997, and no appeal was taken. Appellant subsequently sought relief from the final judgment of dissolution on two grounds: (i) that the trial court lacked subject matter jurisdiction over the dissolution proceeding because the appellee had been absent from the State of Florida during the six months prior to filing the petition and, thus, did not satisfy the residency requirement of section 61.021, Florida Statutes (1997), and (ii) that the appellee filed a fraudulent financial affidavit. In the order on appeal, the trial court found that the appellee had satisfied the statutory residency requirement and that the appellant's allegations of fraud were not sufficiently pled. The appellant does not challenge the lower court's finding as to his claim of fraud.
Although the evidence of the wife's residency is conflicting, competent substantial evidence supports the trial court's findings regarding the appellee's residency. As noted in the order denying relief from the final judgment, the appellee "maintained corroborative evidence of her Florida residency in the form of a driver's license and [Florida] voter registration [card]." Pursuant to section 61.052(2), Florida Statutes (1997), an allegation that a party satisfies the residency requirement of section 61.021 may be corroborated by a Florida driver's license, voter registration *802 card, or third party testimony. It is well-established that a continuous presence in the state is not required for the entire six months preceding the filing of a petition for a dissolution of marriage. See Beaucamp v. Beaucamp, 508 So.2d 419 (Fla. 2d DCA 1987).
Accordingly, the order under review is AFFIRMED.
ALLEN, WEBSTER AND VAN NORTWICK, JJ., CONCUR.