786 So.2d 1284 (2001)
Deborah Ann McCARTHY, Appellant,
v.
Leslie Marion ALEXANDER, Appellee.
No. 2D00-3086.
District Court of Appeal of Florida, Second District.
June 22, 2001.
*1285 Cynthia L. Greene of Law Offices of Cynthia L. Greene, P.A., Miami; and Law Offices of John E. Long, Jr., P.A., Naples, for Appellant.
Deborah Marks of Abrams, Etter & Marks, P.A., Miami, for Appellee.
BLUE, Acting Chief Judge.
Deborah Ann McCarthy appeals the dismissal of her petition for dissolution of marriage based on lack of subject matter jurisdiction. She argues that she has met the statutory residency requirement, even though she has not been physically present in Florida for six months. We conclude the trial court correctly ruled that McCarthy did not meet the residency requirements of the statute; we therefore affirm.
"To obtain a dissolution of marriage, one of the parties to the marriage must reside 6 months in the state before the filing of the petition." § 61.021, Fla. Stat. (1997). Although this requirement has been construed to mean that the party must reside for the six months immediately preceding the divorce filing, the courts have recognized an exception allowing military and government personnel to file for divorce "without proving their actual presence in the state during the six-month statutory period prior to the filing of their petitions of dissolution." Eckel v. Eckel, 522 So.2d 1018, 1020 (Fla. 1st DCA 1988). Under this exception, when a Florida resident was stationed outside the state by the government, that person did not lose their residency and could file for divorce even though he or she had not been physically present in the state for the immediately preceding six-month period.
McCarthy and her husband are foreign service officers for the U.S. Government. It is undisputed that neither one had been physically present in Florida for six months. The trial court found that neither party had spent more than a brief period of time in Florida. McCarthy argues, however, that domicile and residence are the same and that she has acquired residency in Florida because, among other things: she has declared Florida as her domicile; she has a Florida driver's license; she is registered to vote in Florida; she has a Florida checking account; and she has paid intangible taxes in Florida. We agree that McCarthy has established Florida as her domicile, but we reject the argument that domicile and residence are the same.
"Residency under section 61.021 means `an actual presence in Florida coupled with an intention at that time to make Florida the residence.'" Copas v. Copas, 687 So.2d 885, 887 (Fla. 2d DCA 1997) *1286 (quoting Jenkins v. Jenkins, 556 So.2d 441, 442 (Fla. 4th DCA 1990)). "Perhaps the clearest way to point out this technical distinction [between domicile and residence] is by the proof required to establish each item. The domicile involves the intent of an individual. The residence is a matter of objective fact." Brown v. Brown, 123 So.2d 382, 383 (Fla. 2d DCA 1960). While McCarthy may have intended to make Florida her domicile and residence, she was never actually present in Florida for six months. Therefore, she failed to meet the statutory residency requirement for filing a petition for dissolution of marriage. The trial court correctly dismissed the petition.
We are not unsympathetic to McCarthy's claim that she has been left with no jurisdiction in which to dissolve her marriage. Even if we accept this claim as true, we are unable to create an exception to the statutory requirement of residency necessary to confer jurisdiction on the courts of this state. Accordingly, we affirm.
Affirmed.
FULMER and WHATLEY, JJ., Concur.