838 So.2d 696 (2003)
STATE of Florida, Appellant,
v.
Alan Wayne DAVIS, Appellee.
No. 5D01-3732.
District Court of Appeal of Florida, Fifth District.
March 7, 2003.
Charles J. Crist, Jr., Attorney General, Tallahassee and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and A.S. Rogers, Assistant Public Defender, Daytona Beach, for Appellee.
PALMER, J.
The State appeals the trial court's order dismissing the count of the information charging Alan Wayne Davis with illegal dumping in violation of section 403.413(4)(c) of the Florida Statutes (2000). Concluding that the trial court erred in ruling that the statute excludes property owners from prosecution for dumping on their own land, we reverse.
*697 Davis was charged by information with, among other things, illegally dumping litter on his property. He filed a motion to dismiss the illegal dumping charge, claiming that the statute did not prohibit owners from dumping on their own private property. The trial court agreed and therefore granted Davis' motion to dismiss the count.
Florida's litter law, section 403.413 of the Florida Statutes (2000), is contained in the Environmental Control section of the Florida Statutes Chapter 403, Part I, Pollution Control. The Legislature explained its intent regarding pollution control as follows:
403.021 Legislative declaration; Public policy.
* * *
(6) The Legislature finds and declares that control, regulation, and abatement of the activities which are causing or may cause pollution of the air or water resources in the state and which are or may be detrimental to human, animal, aquatic, or plant life, or to property, or unreasonably interfere with the comfortable enjoyment of life or property be increased to ensure conservation of natural resources; to ensure a continued safe environment; to ensure purity of air and water; to ensure domestic water supplies; to ensure protection and preservation of the public health, safety, welfare, and economic well-being; to ensure and provide for recreational and wildlife needs as the population increases and the economy expands; and to ensure a continuing growth of the economy and industrial development.
§ 403.021(6), Fla. Stat. (2000). The litter law which Davis was charged with violating reads, in pertinent part, as follows:
403.413 Florida Litter Law
* * *
(4) DUMPING LITTER PROHIBITED Unless otherwise authorized by law or permit, it is unlawful for any person to dump litter in any manner or amount:
* * *
(c) In or on any private property, unless prior consent of the owner has been given and unless such litter will not cause a public nuisance or be in violation of any other state or local law, rule, or regulation.
§ 403.413(4)(c), Fla. Stat. (2000).
The statute plainly states it is unlawful for "any person" to dump litter in or on any private property without differentiating such persons between owners and non-owners of property. In the instant case, Davis clearly qualifies as being "any person". Thus, in dismissing the charge against Davis, the trial court improperly went beyond the plain reading of the statute in an attempt to uncover a legislative intent that the private property in question must be the property of another.
In so ruling, the trial court first concluded that the statute intended that the property owner be a "victim" of the crime of dumping and then proceeded to interpret the facts in this case as failing to create such a victim because Davis dumped on his own property. The trial court explained its reasoning as follows:
Clearly, the prohibited activity is the dumping of litter, either on public property, waterways, or private property. However, one is allowed to "dump litter" on private property if the owner of the property agrees, but the litter dumped cannot cause a public nuisance or violate any law. Therefore, the statute creates a victim. The owner of private property who has litter dumped on his property without his consent is a victim. Similarly, *698 the owner of private property who gives consent to the dumping becomes a victim if the dumping creates a nuisance. Obviously no one would give permission to a person to create a public nuisance on his private property.
We disagree. The statute merely defines the illegal activityit does not create a victim.
Second, the trial court concluded that the legislature did not intend to create a felony public nuisance statute, which would be the result in the instant case since the violation under which Davis is charged is a public nuisance statute. Again, a plain reading of the statute authorizes prosecution if the dumping is in violation of any other state or local law, rule, or regulation. Here, Davis was charged with violating both section 823.01 of the Florida Statutes and the Seminole County Code, each of which qualifies as being "any other state or local law, rule or regulation."
Finally, the trial court explained that as further evidence that the legislature did not intend for a private property owner to be prosecuted for violating section 403.413(4)(c), section 403.413(6)(f) of the Florida Statutes requires the defendant to pay damages if convicted of the felony violation of the statute, together with court costs and attorney's fees. The actual wording of section 403.413(6)(f) is as follows:
§ 403.413 Florida Litter Law
* * *
(6) PENALTIES; ENFORCEMENT. 
* * *
(f) If a person sustains damages arising out of a violation of this section that is punishable as a felony, a court, in a civil action for such damages, shall order the person to pay the injured party threefold the actual damages or $200, whichever amount is greater. In addition, the court shall order the person to pay the injured party's court costs and attorney's fees. A final judgment rendered in a criminal proceeding against a defendant under this section estops the defendant from asserting any issue in a subsequent civil action under this paragraph which he or she would be estopped from asserting if such judgment were rendered in the civil action unless the criminal judgment was based upon a plea of no contest or nolo contendere.
§ 403.413(6)(f), Fla. Stat. (2000)(emphasis added). Here, the trial court disregarded the word "if" at the beginning of this section. "If a person sustains damages" does not mean another person is required to sustain damages in order for a prosecution to be instituted under this statute. Paragraph (6)(f) simply provides additional remedies for a situation where one person dumps on a second person's property and that second person sustains damages.
Additionally, the trial court reasoned that because section 403.413(6)(h) of the Florida Statutes relieves the State of the burden of proving that the "person did not have the right or authority to dump the litter or that the litter caused a public nuisance", it is further evidence that the legislature intended that the private property upon which the litter was dumped be the private property of another. Section 403.413(6)(h) provides:
§ 403.413 Florida Litter Law.
* * *
(6) PENALTIES; ENFORCEMENT.
* * *
(h) In the criminal trial of a person charged with violating this section, the *699 state does not have the burden of proving that the person did not have the right or authority to dump the litter or raw human waste or that litter or raw human waste dumped on private property causes a public nuisance. The defendant has the burden of proving that he or she had authority to dump the litter or raw human waste and that the litter or raw human waste dumped does not cause a public nuisance.
§ 413.413(6)(h), Fla. Stat. (2000). This subsection simply does not support the trial court's conclusion.
REVERSED and REMANDED.
PLEUS, J., concurs.
MONACO, J., concurs specially, with opinion.
MONACO, J., concurring specially.
I do not disagree with the well-reasoned opinion of the majority. I write only to express my view that the reason the trial court erred in dismissing the count of the information that charged the defendant with illegal dumping in violation of § 403.413(4)(c), Florida Statutes, is that it did not read the statute conjunctively.
The statute, entitled "Florida Litter Law," states as follows:
(4) DUMPING LITTER PROHIBITEDUnless otherwise authorized by law or permit, it is unlawful for any person to dump litter in any manner or amount:
* * *
(c) In and on any private property, unless prior consent of the owner has been given and unless such litter will not cause a public nuisance or be in violation of any other state or local law, rule, or regulation. (Emphasis supplied).
The trial court reasoned logically that the property owner would not deny himself the consent to dump litter on his own property if that denial meant that he would be subject to criminal prosecution. That is not, however, all that the statute says. If one is going to dump litter on one's own property, consent being presumed, that dumping must not cause a public nuisance or otherwise violate laws, rules or regulations. If it does, it violates the statute.
The State should have been given the opportunity to prove that the defendant caused a nuisance or committed the violations regardless of presumed consent, and the count of the information charging this offense should not have been dismissed.