915 So.2d 1248 (2005)
Mary Katherine JENKINS, Appellant,
v.
Otis JENKINS, Appellee.
No. 4D05-1420.
District Court of Appeal of Florida, Fourth District.
December 21, 2005.
*1249 Howard P. Newman, North Palm Beach, for appellant.
Craig A. Boudreau, West Palm Beach, for appellee.
MAY, J.
The wife appeals an order denying her motion to dismiss the husband's petition for dissolution of marriage for lack of jurisdiction. She argues the trial court erred in denying her motion because the husband was not present within the State of Florida for the six months preceding the filing of the petition. We affirm.
The husband moved to Florida in 1979. When he married the wife in October 1998, the husband sold his home and purchased a marital residence in Lake Worth. They lived together at this address until 2003. This address appears on the husband's Florida driver's license and voter registration. The husband considers the property as homestead for tax purposes, and maintains utilities there. He also maintains his bank accounts in Florida.
Prior to September 2003, the husband's brother loaned him money to pay off his mortgage. Later, the husband's brother became ill and moved in with the couple. This arrangement became unsatisfactory to everyone. In September 2003, the husband moved his brother back to Tennessee and stayed there to care for his brother and to avoid his wife.
In February 2004, the wife went to Tennessee and discovered the husband had a girlfriend. The couple attempted to reconcile and signed a one-year lease for a residence in Tennessee in March 2004. The wife briefly returned to Florida to take care of the house. Shortly thereafter, the husband moved out of the leased apartment and moved back in with his brother.
During the year the husband lived in Tennessee to care for his brother, he traveled back to Florida on three occasions, once to retrieve personal belongings and once for a surgical procedure. Each of these trips lasted a couple of days. His final trip to Florida occurred around September 24, 2004, when he attended to hurricane damage at his Florida home. It was on this date that the wife filed a petition for dissolution in Tennessee. The husband filed the instant petition for dissolution of marriage in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, on October 5, 2004.
The wife moved to dismiss the husband's petition for lack of jurisdiction, alleging the husband was no longer a Florida resident. She argued that the husband had undertaken a series of jobs in Tennessee, had joined a tanning club, and had sought medical treatment there. The husband had also purchased an automobile for his brother that he registered in his own name using the Tennessee address.
The court conducted an evidentiary hearing, and denied the wife's motion. The court found there was clear and convincing evidence that the husband continued to be a Florida resident. It is from this order that the wife appeals.
As she did in the trial court, the wife argues Florida courts do not have jurisdiction because she asserts the husband is a *1250 resident of Tennessee. She contends the trial court completely ignored the physical presence prong of the residency test.
The husband responds the trial court did not ignore the physical presence test because the law does not require that either party be continuously present in Florida for the six months prior to litigation. He also argues there was sufficient evidence for the court to conclude the husband objectively intended to maintain his residence in Florida.
The issue consists of both questions of law and fact. Fowler v. Fowler, 156 Fla. 316, 22 So.2d 817, 819 (1945) (en banc) (holding that the issue is "both a question of law and fact to be settled or determined from the facts of each particular case"). We review the trial court's decision under an abuse of discretion standard. McCloskey v. McCloskey, 359 So.2d 494, 496 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1370 (Fla.1979).
Florida law requires one of the parties to the marriage to reside in the state for six months before filing a petition for dissolution of marriage. See § 61.021, Fla. Stat. (2004). Proof of residency "may be corroborated by a valid Florida driver's license, a Florida voter's registration card, a valid Florida identification card issued under s. 322.051, or the testimony or affidavit of a third party...." § 61.052(2), Fla. Stat. (2004).
Residency has been defined as "an actual presence in Florida coupled with an intention at that time to make Florida the residence." Gillman v. Gillman, 413 So.2d 412, 413 (Fla. 4th DCA 1982) (citation omitted). Courts have interpreted "actual presence" as not requiring presence during the entire six-month time frame. See Jenkins v. Jenkins, 556 So.2d 441 (Fla. 4th DCA), rev. denied, 569 So.2d 1279 (Fla.1990).
Here, the trial court found the husband had maintained his Florida residence since 1979 and that he left the state for the sole purpose of caring for his brother. The trial court made the following findings of fact: (1) the marital home is in Palm Beach County; (2) the home is homesteaded; (3) the couple's bank accounts are in Florida; (4) each of them has a Florida driver's license; and (5) both parties are registered to vote in Florida. Based on these findings, the trial court concluded clear and convincing evidence established the husband did not intend to relinquish his Florida residence.[1]
We agree with the trial court's conclusion that the husband was a resident of Florida. Even though the husband's physical presence in Florida over the year preceding the filing of the petition was de minimis, the trial court correctly determined the "chief seat of [the husband's] affairs and interests" remains in Florida, creating presence and the requisite objective intent to be a Florida resident. See Bloomfield v. City of St. Petersburg Beach, 82 So.2d 364, 368 (Fla.1955) (en banc). To hold otherwise would prevent Florida's residents from maintaining their residence in this state with its attendant rights while attending to family emergencies and work-related needs that take them out of the state.
Affirmed.
STEVENSON, C.J., and WARNER, J., concur.
NOTES
[1] The Second District Court of Appeal reached a similar conclusion in Rowland v. Rowland, 868 So.2d 608, 610-11 (Fla. 2d DCA 2004). (The fact that the petitioner spent a large period of time in Pennsylvania before filing her petition did not deprive her of her Florida residency.).