928 So.2d 442 (2006)
Alan Wayne DAVIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D05-4322.
District Court of Appeal of Florida, Fifth District.
April 28, 2006.
*445 Alan W. Davis, Sanford, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Respondent.
SHARP, W., J.
Davis petitions this court for a writ of habeas corpus, claiming ineffective assistance of appellate counsel. We deny the petition.
The record establishes that, in February of 2001, Davis was charged with one count each of illegal dumping of litter, maintenance of a public nuisance [violation of a county ordinance] and maintenance of a nuisance [violation of a county ordinance]. He filed a motion to dismiss the information, which was granted. The state appealed and the order was reversed. See State v. Davis, 838 So.2d 696 (Fla. 5th DCA 2003).
After a jury trial, Davis was convicted as charged. He was sentenced to a year and a day in prison, followed by one year on community control and three years on probation.
Davis appealed his judgment and sentence. He raised three grounds: (1) the trial court erred by denying his motion for judgment of acquittal; (2) sections 403.413 and 832.01, Florida Statutes (2000) are unconstitutional, and (3) the trial court erred in admitting evidence against him that went beyond the dates of the crimes as charged in the information. This court per curiam affirmed. See Davis v. State, 898 So.2d 949 (Fla. 5th DCA), cert. denied, ___ U.S. ___, 126 S.Ct. 245, 163 L.Ed.2d 225 (2005). The mandate issued April 22, 2005.
Thereafter, the state filed an affidavit asserting that Davis had violated two conditions of his community control: being away from his residence on October 21, 2004, and failing to maintain his electronic monitoring device on October 22, 2004; and a repeat violation of the county ordinance regarding trash and debris. The court found him in willful and substantial violation, and sentenced him on January 31, 2005, to three years in prison, followed by one year on community control.
Davis filed this petition for writ of habeas corpus on December 13, 2005. He raises six grounds: (1) the state relied on numerous false representations at trial and on appeal; (2) the state violated his First, Fifth and Fourteenth Amendment rights; (3) the state used evidence seized illegally; (4) the state failed to prove every element of the charge of violation of county ordinance *446 94.5(1); (5) prosecution and conviction under both sections 95.4(a) and (b) of the Seminole County code constitutes double jeopardy; and (6) the circuit court did not have personal or subject matter jurisdiction over him to prosecute these criminal charges.
The criteria for proving ineffective assistance of appellate counsel parallel the standard used for establishing ineffective assistance of trial counsel claims. See State v. Riechmann, 777 So.2d 342, 364 (Fla.2000). They present mixed questions of law and fact. In order to prevail, a defendant must show that counsel's performance was deficient to such a degree that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment,[1] and the defendant has the burden to show counsel's deficient performance prejudiced the defense, so that the decision reached would reasonably likely have been different, absent the errors made.[2] In reviewing counsel's performance, a court must "indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[3]
In Ground 1, Davis argues that the state relied on numerous false representations of counsel and witnesses at trial, and on appeal. He asserts that the state misrepresented facts, state witnesses lied, and that appellate counsel was ineffective for failing to challenge the misrepresentations and lies on appeal. This argument has no merit in this context. Credibility of witnesses is a determination for the jury, not the appellate court. It is trial counsel's job to impeach the state's witnesses, exposing bias or inconsistencies in their testimony. These are not issues that appellate counsel could or should have raised on direct appeal.
Davis may be seeking to challenge the sufficiency of evidence adduced at his criminal trial by raising these issues. However, a review of the record shows that his trial counsel filed a motion for judgment of acquittal and argued insufficiency of the evidence at trial. Further, appellate counsel also argued the trial court erred in denying the motion for acquittal based on insufficiency of the evidence on direct appeal. By affirming his judgment and sentence, this court determined the evidence was sufficient, and that has become the law of the case. Just because appellate counsel failed to persuade this court to find the evidence was insufficient does not make a showing of deficiency. Further, habeas cannot be used to relitigate issues determined in a prior appeal. See Porter v. State, 653 So.2d 374 (Fla.1995).
In Ground 2, Davis argues appellate counsel was ineffective for failing to make additional arguments when challenging the constitutionality of the state statutes and ordinances he was found to have violated. This argument has no merit because Davis failed to allege specific acts and omissions constituting a serious deficiency in appellate counsel's performance. The fact that the case might have been argued in a different manner, in general, to claim violations of his First, Fifth and Fourteenth Amendment rights does not establish inadequate representation on appeal. Routly v. Wainwright, 502 So.2d 901 (Fla.1987).
In his appeal, appellate counsel argued the statutes and ordinances were unconstitutional on their face, as being vague and *447 overbroad. Those were probably the best arguments available to challenge the statutes and ordinances on constitutional grounds. Appellate counsel cannot be deemed ineffective because constitutional claims were actually raised on direct appeal, but rejected by the appellate court. Thompson v. State, 759 So.2d 650, 662 (Fla.2000). Habeas is not available to be used to relitigate issues actually raised and determined in a direct appeal. See Porter, 653 So.2d at 374.
In Ground 3, Davis argues the state used evidence seized illegally, and that appellate counsel should have argued the county authorities illegally acquired evidence in order to obtain a search warrant. However, Davis does not identify what evidence was illegally seized, and how it was used to obtain a search warrant. A defendant, in making an incompetent counsel claim, must allege specific facts so that considering the totality of the circumstances, not conclusively rebutted by the record, the appellate court can conclude counsel was deficient and that the deficiency prejudiced the defendant. Kennedy v. State, 547 So.2d 912, 913 (Fla. 1989). See also Freeman v. State, 761 So.2d 1055 (Fla.2000). Conclusory allegations do not meet this burden. Kennedy, 547 So.2d at 913.
In addition, Davis does not allege, nor does the record reflect that any motions to suppress evidence were made below, which might have preserved an issue of use of illegally seized evidence. If not preserved, appellate counsel cannot raise such issues on appeal, and cannot be deemed deficient for not raising them. See Rutherford v. Moore, 774 So.2d 637, 648 (Fla.2000) ("[A]ppellate counsel cannot be considered ineffective for failing to raise issues which [were] procedurally barred . . . because they were not properly raised at trial.").
In Ground 4, Davis argues the state failed to prove every element of the charge of violating Seminole County Ordinance 94.5(a) and (b). This is again another attempt to challenge the sufficiency of the evidence at trial. Habeas cannot be used to relitigate issues that have been preserved at trial, raised on direct appeal, and adversely determined by the appellate court. See Porter, 653 So.2d at 374.
In Ground 5, Davis argues appellate counsel was ineffective for failing to argue that imposition of the sanctions provided by sections 95.4(a) and (b) of the Seminole County Code constitutes double jeopardy. Specifically, he claims that since the county assessed a $13,000 civil fine under section 95.4(a), the state could not prosecute him for the same actions under section 95.4(b).
This argument lacks merit as a matter of law, and accordingly, appellate counsel was not ineffective for having failed to raise it.[4] The constitutional prohibition against double jeopardy prevents a second prosecution for the same criminal offense after acquittal or after conviction, and it prevents multiple criminal punishments for the same criminal offense. Double jeopardy under both the Florida and the United States Constitutions apply to criminal proceedings, not to civil proceedings.[5] Imposition of a civil fine in connection with a criminal penalty does not implicate *448 double jeopardy violations unless there is a clear showing the statutory scheme is so punitive in purpose or effect as to negate the state's intent to deem it "civil." Kansas v. Hendricks, 521 U.S. 346, 369-71, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). No such showing was made by Davis, nor, based on a review of the ordinance, could it be made.
In Ground 6, Davis asserts that appellate counsel should have argued that the trial court lacked personal or subject matter jurisdiction. Davis argues the county violated his due process rights when it failed to give him proper notice of code violations and an opportunity to correct them. This argument also lacks merit.
Appellate counsel cannot be ineffective for failing to raise the issue of personal jurisdiction because the argument is without merit and has not been preserved for appeal. Davis was charged by information with criminal violations of various state statutes and county ordinances. Any argument that the county violated his due process rights by failing to give him notice of his criminal violations and an opportunity to correct them fails because "every person is presumed to know the law and . . . ignorance of the law is no excuse." American Home Assur. Co. v. Plaza Materials Corp., 908 So.2d 360, 377 (Fla.2005). Moreover, the circuit courts have personal jurisdiction over residents of Florida and when reached by summons, they become subject to the orders and decrees of the court. Patten v. Mokher, 134 Fla. 433, 184 So. 29, 30 (1938). Courts having criminal jurisdiction may issue writs and process necessary to the exercise of criminal jurisdiction and the writs and processes shall have effect through the state. § 900.03(2), Fla. Stat. (2001).
Nor was appellate counsel ineffective for failing to raise lack of subject matter jurisdiction because the circuit court clearly had subject matter jurisdiction to prosecute this case. See Freeman, 761 So.2d at 1071. Section 125.69(1), Florida Statutes (2001), provides that violations of county ordinances shall be prosecuted in the same manner as misdemeanors. Since the information charged Davis with both a felony and misdemeanors, the circuit court had jurisdiction. Art. V, §§ 5 and 6, Fla. Const. See State v. Phillips, 463 So.2d 1136, 1137 (Fla.1985).
We note that Davis has filed additional documents with this court that contain scurrilous language directed at the Attorney General, assistant attorney generals, and the judges on this court. We warn Davis that filing such pleadings are improper and that he may subject himself to sanctions by this court, should he continue to do so. Sua Sponte, we strike the following documents in this case: Petitioner's Response to this Court's January 12, 2006 Order; Motion to Strike/Discipline Attorneys; Correspondence filed on March 1, 2006, and Notice of Inquiry filed on March 9, 2006.
Petition for Habeas Corpus DENIED On The Merits.
THOMPSON and SAWAYA, JJ., concur.
NOTES
[1] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
[2] Id.
[3] Id. at 689.
[4] See Freeman v. State, 761 So.2d 1055, 1071 (Fla.2000) ("Appellate counsel cannot be ineffective for failing to raise these issues because the claims are without merit.").
[5] See U.S. Const., amend. V ("[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb...."); Fla. Const. art. I, § 9 ("No person shall be ... twice put in jeopardy for the same offense,..."); North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); overruled on other grounds, Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); State v. Wilson, 680 So.2d 411 (Fla. 1996). Thus, the double jeopardy clauses of both the United States and Florida Constitutions apply to criminal proceedings, not civil proceedings. See Kansas v. Hendricks, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997); Collie v. State, 710 So.2d 1000 (Fla. 2d DCA 1998), rev. denied, 722 So.2d 192 (Fla.), cert. denied, 525 U.S. 1058, 119 S.Ct. 624, 142 L.Ed.2d 563 (1998).