971 So.2d 166 (2007)
Gretchen SNYDER, Appellant,
v.
Patricia McLEOD, Appellee.
No. 5D07-1559.
District Court of Appeal of Florida, Fifth District.
December 28, 2007.
*168 David A. Collins of David A. Sierra & Associates, Orlando, and Elizabeth C. Wheeler of Elizabeth C. Wheeler, P.A., Orlando, for Appellant.
J. Scott Murphy of Allen & Murphy, P.A., Maitland, for Appellee.
LAWSON, J.
Gretchen Snyder appeals an order denying her motion to dismiss Patricia McLeod's personal injury lawsuit. The suit involves injuries that McLeod alleges to have suffered as a result of Snyder's negligent operation of an automobile in Georgia. We agree with Snyder that the record reflects no statutory or constitutional basis for asserting personal jurisdiction over her, and reverse.[1]
A plaintiff has the initial burden to allege sufficient facts in his or her complaint to demonstrate the basis for a court's jurisdiction, including facts to establish both statutory and constitutional long-arm jurisdiction over a non-resident defendant. E.g., Hilltopper Holding Corp. v. Estate of Cutchin, 955 So.2d 598, 601 (Fla. 2d DCA 2007) (citing Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989)). If the plaintiff sufficiently pleads jurisdiction, the burden shifts to the defendant to file an affidavit or other sworn proof contesting the plaintiff's jurisdictional pleadings. Id. The defendant's affidavit "must contain factual allegations, which, if taken as true, show that the defendant's conduct does not subject him to jurisdiction." Id. (emphasis in original). If the defendant's affidavit fully disputes the plaintiff's jurisdictional allegations, the burden shifts back to the plaintiff to submit affidavits or other sworn proof establishing a basis for jurisdiction. Id. at 602. If the plaintiff fails to do so, the defendant's motion to dismiss must be granted. Id.
McLeod's complaint alleged that Snyder was a Florida resident at the time of the accident. This allegation was sufficient to establish personal jurisdiction over Snyder. See, e.g., Davis v. State, 928 So.2d 442, 448 (Fla. 5th DCA 2006) (noting that circuit courts have jurisdiction over Florida residents and citing to Patten v. Mokher, *169 134 Fla. 433, 184 So. 29 (1938)). The burden then shifted to Snyder. Although Snyder's original motion to dismiss did not include an affidavit, the trial court granted Snyder an opportunity to file a legally sufficient motion. Snyder's amended motion to dismiss included an affidavit that fully disputed the allegation that she was a Florida resident. According to Snyder's affidavit: (1) she resided in Buffalo, New York, at all material times; (2) she had lived in Florida only temporarily before the accident, and with no intention of becoming a Florida resident; (3) she had continuously received her mail in New York, having had it temporarily forwarded to Florida only for the short time she was here; (4) she had abandoned Florida before the accident, with no intention of returning; (5) she had left no possessions in Florida from her temporary stay; (6) she had always been licensed to drive in New York, including the day of the accident, and never had a Florida driver's license; and (7) she was registered to vote in New York.
In an apparent attempt to establish that Snyder was a Florida resident at the time of the accident, McLeod's attorney took Snyder's deposition and subpoenaed records from Bell South, Brighthouse Networks, Progress Energy and Cranes Roost Village Apartments. However, McLeod never filed Snyder's deposition, nor any affidavit or other evidence to contradict the sworn statements in Snyder's affidavit. We agree with Snyder that, on this record, the trial court should have granted her motion to dismiss.
First, the record establishes that Snyder was not a Florida resident. The issue of residency most often arises in divorce cases, because section 61.021, Florida Statutes, requires that one of the parties must reside in Florida for six months before a dissolution petition can be filed in Florida. The analysis in dissolution cases is therefore instructive. Under section 61.021, Florida residency is defined as "an actual presence in Florida coupled with an intention at that time to make Florida the residence." McCarthy v. Alexander, 786 So.2d 1284, 1285-86 (Fla. 2d DCA 2001) (quoting Jenkins v. Jenkins, 556 So.2d 441, 442 (Fla. 4th DCA 1990)). Thus, temporarily residing in Florida without a present intention to make Florida one's legal residence is not sufficient to establish Florida residency. E.g., Curran v. Curran, 362 So.2d 1042 (Fla. 4th DCA 1978).[2] Additionally, section 61.052(2) provides that proof of a valid Florida driver's license and voter registration may be used to corroborate the Florida residency requirement in section 61.021. See also Hunter v. Hunter, 736 So.2d 801 (Fla. 1st DCA 1999). As explained in Keveloh v. Carter, 699 So.2d 285 (Fla. 5th DCA 1997):
A person may have several temporary local residences but can have only one legal residence. A legal residence or "domicile" is the place where a person has fixed an abode with the present intention of making it his or her permanent home. Once established, a domicile continues until it is superseded by a new one. A domicile is presumed to continue, and the burden of proof ordinarily rests on the party asserting the abandonment of one domicile to demonstrate the acquisition of another.
A change of residence is accomplished and becomes effective when there is a good-faith intention to establish it, coupled with an actual physical move to the *170 new residence, as evidenced by positive overt acts.
Id. at 288 (citations omitted).
Applying this law to the facts averred to by Snyder, it is clear that Snyder's temporary presence in Florida did not establish that she was a Florida resident. She averred that she had no intent to make Florida her residence, and attested to facts consistent with her claimed subjective intentsuch as retaining her New York driver's license and voter registration, only temporarily forwarding mail to Florida from her permanent residence in New York, and leaving no personal property in Florida when she returned to New York.
Although McLeod argues on appeal that Snyder had changed her residence from New York to Florida by driving to Florida with all of her belongings, renting an apartment here, and working here, McLeod presented no evidence to support these arguments in response to Snyder's affidavit. In fact, the only documents submitted by McLeod in response to Snyder's affidavit show that McLeod's subpoenas turned up no proof that Snyder ever leased an apartment, paid utilities or worked here. Thus, the facts demonstrate that Snyder never changed her residency from New York to Florida.
Although Snyder's affidavit refutes the jurisdictional allegations of McLeod's complaint, McLeod argues, alternatively, that we should affirm the trial court because the facts in the record establish a basis for long-arm jurisdiction over Snyder as a non-resident defendant. Again, we disagree.
A Florida court only has personal jurisdiction over a non-resident defendant if the plaintiff establishes: (1) sufficient jurisdictional facts to bring the action within the ambit of Florida's long-arm statute, section 48.193, Florida Statutes; and (2) that the exercise of jurisdiction is consistent with due process. E.g., Hartcourt Companies, Inc. v. Hogue, 817 So.2d 1067, 1070 (Fla. 5th DCA 2002). "Both parts [of this test] must be satisfied for a court to exercise personal jurisdiction over a non-resident defendant." Carib-USA Ship Lines Bahamas Ltd. v. Dorsett, 935 So.2d 1272, 1275 (Fla. 4th DCA 2006) (quoting Am. Fin. Trading Corp. v. Bauer, 828 So.2d 1071, 1074 (Fla. 4th DCA 2002)).
With respect to the first part of this test, section 48.193 provides two ways to establish long-arm jurisdiction. First, jurisdiction may be established if a person "does any of the acts enumerated in" section 48.193(1), including committing a tortious act in Florida, operating a business in Florida, insuring a person in Florida, and other enumerated acts. The parties appear to agree that jurisdiction does not exist under section 48.193(1). As noted previously, the alleged tort occurred in Georgia.
Second, jurisdiction may be established under section 48.193(2), which states: "A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Under section 48.193(2), the question is whether Snyder engaged in substantial activity in Florida. Substantial activity has been defined as "continuous and systematic general business contacts" with Florida. E.g., Woods v. Nova Cos. Belize Ltd., 739 So.2d 617, 620 (Fla. 4th DCA 1999).
McLeod fails to explain how the instant facts establish that Snyder had "continuous and systematic general business contacts" in Florida. Again, the record is devoid of any evidence that Snyder worked in Florida or otherwise conducted any business here. In short, the record shows *171 only that Snyder was in Florida for a short period of time for unknown reasons, and left. If this were sufficient to establish personal jurisdiction over a non-resident, then any tourist who had visited Florida could be haled into Florida's courts for his or her alleged negligent acts in another state. This would be inconsistent with the express language of section 48.193(2), which, again, requires a showing of "substantial and not isolated activity" in Florida. Where the jurisdictional facts do not establish a basis for suit against a non-resident defendant under the provisions of Florida's long-arm statute, it is unnecessary to consider federal due process requirements. E.g., Dorsett, 935 So.2d at 1275.
Because the facts in this record do not establish either Florida residency, as alleged in McLeod's complaint, or a statutory basis for asserting long-arm jurisdiction, Snyder's motion to dismiss should have been granted. Therefore, we reverse with directions that the trial court enter a final order granting Snyder's motion to dismiss for lack of personal jurisdiction.
REVERSED and REMANDED.
THOMPSON and TORPY, JJ., concur.
NOTES
[1] This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i) because the court's non-final order determined jurisdiction. The de novo standard of review applies. Wendt v. Horowitz, 822 So.2d 1252, 1256 (Fla.2002).
[2] Conversely, a Florida resident's temporary absence from Florida, without a present intent to relinquish his or her Florida residency, will not divest Florida courts of jurisdiction over the person. See, e.g., Jenkins v. Jenkins, 915 So.2d 1248, 1250 (Fla. 4th DCA 2005).