DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES P. MEJIA,**
Appellant,

v.

**ROSA B. MEJIA,**
Appellee.

No. 4D19-3847

[April 29, 2020]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nickolaus Hunter Davis, Judge; L.T. Case No. FMCE18005173.

James P. Mejia, Santiago, Dominican Republic, pro se.

H.A. Rodriguez of The Law Office of H.A. Rodriguez, P.A., Fort Lauderdale, for appellee.

MAY, J.

The husband appeals a temporary support order. He argues the trial court erred in finding it had subject matter jurisdiction and in determining the amount of the wife's need and his ability to pay. We agree with him on the second issue. We reverse and remand for the trial court to conduct further proceedings regarding spousal support.

The parties married in the Dominican Republic ("DR") in 1995 and had three children. The husband is a pilot and has been based out of Miami since 1999. The parties lived in Weston from 2001–2014. They moved to the DR and leased their "homesteaded" Weston home.

In 2017, the husband was arrested in the DR for alleged domestic violence. The parties separated and the husband filed for divorce in the DR.[1] In April 2018, the wife filed her dissolution petition in Broward County. Months later, the DR court issued a custody and timesharing order.

---

[1] Alimony is not awarded in the DR even for long-term marriages.

The husband moved to dismiss the Broward case for lack of jurisdiction. The trial court denied the motion in a January 2019 order that detailed the parties' connections to both countries.

Both parties had Florida drivers' licenses, were registered to vote in Florida, had a joint bank account in Florida, and the husband leased a car and received his mail in Florida. While the trial court did not specifically find the wife was a Florida resident for the six months prior to filing the petition, it made numerous findings and concluded that the husband treated Florida as his "chief seat" of his affairs and interests.[2] The trial court reiterated that it had jurisdiction of the subject matter and the parties when it subsequently confirmed a DR child custody order. No appeal was taken from that order.

The wife then moved for temporary spousal support. In the motion, the wife alleged the husband was refusing to pay her bills, cancelled her health insurance, and was dissipating assets. She alleged the husband earned around $180,000 annually and had the ability to pay spousal support. The wife alleged she had no income or funds. Her financial affidavit reflected a monthly deficit of $11,714.02. The husband filed a financial affidavit reflecting a monthly net income of $11,163.39 and $900 in DR court-ordered child support.

Following several days of hearings, the trial court determined the husband was an intelligent, educated, and accomplished pilot earning over $180,000 annually. He imputed a $2,000 monthly income to the wife. Based on the evidence, the trial court ordered the husband to pay $7,800 a month in temporary support. It directed the husband to reinstate the wife's health insurance and ordered both parties not to transfer or withdraw funds from the husband's retirement accounts/pensions. The husband now appeals, challenging the trial court's subject matter jurisdiction and the support award.

### *Jurisdiction*

The husband argues the trial court lacked subject matter jurisdiction over the case because neither party lived continuously in Florida for six months prior to the wife filing the petition for dissolution. The wife responds that while subject matter jurisdiction can be raised at any time,

---

[2] The husband appealed that order. We treated the appeal as a petition for writ of certiorari. When the husband failed to timely file the formal petition as ordered, we dismissed the case and subsequently denied a motion to reinstate.

that issue was decided in a prior trial court order that the husband appealed. Even though that appeal was dismissed, she argues the trial court did not revisit the jurisdictional issue in the present order. Regardless, she argues the evidence supported the trial court's finding that the husband's "chief seat" of affairs was in Florida.

Section 61.021, Florida Statutes, requires one of the parties to reside in the state for six months before filing a dissolution petition. "Residence" as used in section 61.021 means "an actual presence in Florida coupled with an intention at that time to make Florida the residence." *Jenkins v. Jenkins*, 556 So. 2d 441, 442 (Fla. 4th DCA 1990) (quoting *Gillman v. Gillman*, 413 So. 2d 412, 413 (Fla. 4th DCA 1982)). Courts have interpreted "actual presence" as not requiring presence during the entire six-month time frame. *See Jenkins v. Jenkins*, 915 So. 2d 1248 (Fla. 4th DCA 2005) (citing *Jenkins*, 556 So. 2d 441).

Within its January 2019 order, the trial court found neither party was credible on this point. It found both parties had a Florida driver's license, were registered to vote in Florida, have a joint bank account here, and their Weston home is homesteaded with insurance and utility bills in their name. During the jurisdictional hearing, the husband testified to being in Florida every week, but denied that it was his home. The wife testified the husband prevented her from returning to Florida from the DR where she was tending to her sick father.

This case is akin to our 2005 decision in *Jenkins*. There, the husband spent most of the one-year period preceding the filing of his petition in Tennessee caring for his sick brother and only a minimal portion of it in Florida. *Jenkins*, 915 So. 2d at 1249. However, the marital home was in Florida and homesteaded; the husband's bank accounts were in Florida, he had a Florida driver's license, and was registered to vote here. *Id.* Those facts are virtually identical to the facts in this case. Like *Jenkins*, we affirm on the jurisdictional issue. *Id.* at 1250.

### ***Need and Ability to Pay***

We review temporary support orders for an abuse of discretion. *Canakaris v. Canakaris*, 382 So. 2d 1197 (Fla. 1980); *Robbie v. Robbie*, 591 So. 2d 1006, 1008 (Fla. 4th DCA 1991).

If a trial court enters a temporary support order that "exceeds or nearly exhausts a party's income," it has abused that discretion. *Wilder v. Wilder*, 42 So. 3d 961, 961 (Fla. 4th DCA 2010) (quoting *Bolton v. Bolton*, 898 So. 2d 1084, 1084 (Fla. 4th DCA 2005)). The wife's amended motion asserted

the husband earned about $180,00.00 annually and had the ability to pay for her support. She alleged he dissipated assets, refused to pay her bills, and cancelled her health insurance. She did not request a specific amount of support within the motion, but her financial affidavit reflected a monthly need of $11,714.00.

- ***The Husband's Ability to Pay***

The husband argues the trial court erred in using his gross income to calculate his ability to pay. *Meldrum v. Bergamo-Meldrum*, 281 So. 3d 504, 505 (Fla. 4th DCA 2019); *Vega v. Vega*, 877 So. 2d 882 (Fla. 4th DCA 2004). As a result, he is now ordered to pay more than 75% of his net income to the wife. He points to his net monthly income of $11,163.00, which should have been reduced by his monthly child support obligation.

The wife responds the husband's paystubs show he received between $6,201.94 and $8,333.59 bi-monthly, or $148,000–$200,000 annually. She suggests that he unilaterally reduced the parties' available monthly income by $2,400 when he terminated the lease on the Weston marital home. But she fails to address the trial court's use of the husband's "gross" instead of "net" income and its failure to reduce the husband's monthly income by his child support obligation.

We agree with the husband that the court erred in using his gross income and in failing to factor in his child support obligation to determine his net income. We therefore reverse and remand for the trial court to recalculate the husband's ability to pay.

- ***The Wife's Need***

The husband argues the trial court failed to consider the $2,000 in income it imputed to her and an $87,500 inheritance in determining her need. As to the inheritance, the testimony shows she has not received anything from her father's estate as of the date of the hearing, therefore the court did not err in refusing to consider this. She does not address the $2,000 in imputed income and we cannot discern whether the trial court considered it when it arrived at the $7,800.00 award.

On remand, the trial court shall use the husband's net income in calculating his ability to pay and deduct his child support obligation. It should also account for the $2,000.00 income that it imputed to the wife. We therefore reverse the temporary support order and remand the case to the trial court for proceedings consistent with this opinion. *Meldrum*, 281 So. 3d 504.

*Reversed and Remanded.*

WARNER and GERBER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***