# Third District Court of Appeal

## State of Florida

Opinion filed April 30, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-1551
Lower Tribunal No. 20-17447-CA-01

————————————

**Maria Teresa Costantini Gomes**,
Appellant,

vs.

**Victor Maniglia**,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

The Hink Law Firm, P.A., and Ronald R. Hink, for appellant.

J. Muir & Associates, P.A., and Jane W. Muir, for appellee.

Before MILLER, GORDO, and BOKOR, JJ.

PER CURIAM.

Affirmed.  See Patten v. Mokher, 184 So. 29, 30 (Fla. 1938) ("As to residents of Florida, the Circuit Courts have jurisdiction over them regardless of the county in which they reside and when reached by summons, they become subject to the orders and decrees of the Court."); Art. VII, § 6(a), Fla. Const. ("Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon . . . ."); § 196.015(5), (6), Fla. Stat. (2018) (defining factors property appraiser considers in determining homestead claim, including voter registration and valid Florida driver license); § 196.031(1)(a), Fla. Stat. (2018) ("A person who, on January 1, has the legal title or beneficial title in equity to real property in this state and who in good faith makes the property his or her permanent residence . . . is entitled to a[] [homestead] exemption . . . ."); Snyder v. McLeod, 971 So. 2d 166, 169 (Fla. 5th DCA 2007) (noting permanent Florida residents are subject to personal jurisdiction, defining residency elements, and noting driver's licenses and voter registration are permissible for demonstrating residency).